By the court,

Nelson, C. J.
Our statute, 2 R. S. 413, § 16,17, allows the landlord to pursue the goods carried off the demised premises, and seize them wherever found within thirty days after the removal, &c. except when “ sold before such seizure made, in good faith, and for a valuable consideration to a person not privy to such fraudulent removal! This act was taken from 8 Anne, ch. 14, extended by 11 Geo. II. ch. 19, which contained a like exception. Bradby on Dist. 96-7; Comy's Land, and Ten. 380. The act applies only to tho goods of the tenant, 5 Maulé f Sel. 38, and not to goods taken by a creditor with the assent of the tenant in payment of a bona fide debt, though he knows rent is due and apprehends the landlord may distrain. Comy's Land, and Ten. 418. This last case stands upon the familiar principle, that the debtor may give preference to a creditor. Rent is a meritorious demand, and the law affords very ample remedies to enforce payment; but the landlord can set up no peculiar preference over other bona fide creditors, until he acquires an actual lien upon the goods.
The case under consideration, needs not the benefit of the exception in the seventeeth section, in favor of bona fide purchasers, as that obviously applies to sales made after removal of the goods. The lan- '
*guage of the clause proves this. It rests upon the general [ *398 ] right of the tenant to dispose of his property, which is no more embarrassed on account of rent in arrear, than it is by any other description of outstanding debts.
It was at first held that a removal in open day not being clandestine, was *304 not within the meaning of the statute of 11 George ; but it is now extended to all cases where by the conduct of the tenant in the removal, the landlord is turned over to the naked remedy by action; and it was accordingly held in Opperman v. Smith (4 Dowl, and Ryl., 33,) that where the tenant in open day, and with notice to his landlord, removed his goods, without leaving sufficient to satisfy the rent then due, and the latter followed and distrained, though the removal was not clandestine, yet it was fraudulent, (which was a question of fact for the jury,) the landlord was justified under the statute. The tenant may remove the goods, unless guilty of fraud in fact:—a fortiori, may the purchaser or mortgagee do so. 7 Bing. 243. 1 C. & M. 227. 3 Tyr. 170.
Neither does the statute, 2 R. S. 70, § 5, making mortgages void as to creditors and subsequent purchasers apply, as the question ■ there can only arise between judgment creditors and the mortgagee. A distress warrant does not stand on the footing of a judgment and execution. The mortgage may be fraudulent in respect to the landlord ; but it must be a fraud at common law, where the question of fraudulent intent arises, and must be passed upon, as has been done in this case. The landlord did not need the aid of the statute, because he could always seize the goods in possession of his tenant. He could not follow them off the premises at common law; and hence the statute of Anne f 11 George II. gave him the thirty days; but that right we have seen does not apply to goods taken in payment of a bona fide debt. It was said in Reynolds v. Shuler, (5 Cowen, 329,) by Sutherland, J., that a mortgage was not a sale within the proviso to this act. If this be so, it does not Affect the mortgage in question, as it stands independently of it. Besides, the title bad become absolute in the mortgagee, on the forfeiture of the mortgage. (9 Wend. 80. 11 Id. 61.) But if it had been material, I think the intimation would have been worthy ( *399 ] *of farther consideration. A mortgagee is deemed a purchaser sub modo ; he is so regarded every day under the statute respecting fraudulent' sales, (2 R. S. 70, § 5,) and protected within the saving clause in favor of subsequent purchasers in good faith, (See also Powell on Mort. 281, and Johns. Ch. R. 417.) The reason of the exception applies as strongly to the extent of the interest involved, to the mortgagee, as in case of an absolute purchase. But it is not important to pursue this point.
The ground upon which I place the case is: 1. The mortgage was taken to secure a bona fide debt, and was valid as between the parties : 2. It was valid also in respect to the landlord, unless fraudulent in fact, not falling within the fifth section of the act declaring sales and mortgages fraudulent, unless accompanied with possession: 3. The property was not the tenant’s when it was removed from the premises, within the statute authorizing the landlord to pursue it with his warrant within thirty days.
Judgment affirmed.