### COE and GERRY vs. WHITBECK.

Where a debt is due to a copartnership at the time of the bankruptcy of one of the individual members of the firm, the legal title to the share of the debt belonging to the bankrupt partner is vested in his assignee, by operation of law; and an action at law to recover the debt must be brought in the joint names of the other copartners and of the assignee in bankruptcy.

But the solvent partners have the right to bring such suit, in the joint names of themselves and of such assignee, without the consent of the latter, upon giving him an indemnity against costs.

In chancery, the assignee of the bankrupt copartner is a necessary party, to a bill filed to recover a debt due to the firm at the time of the bankruptcy, where such assignee takes a beneficial interest in the partnership effects, as a trustee for the separate creditors of the bankrupt copartner, under the proceedings in bankruptcy.

But where the bankrupt has been discharged from his debts, and it distinctly appears that the copartnership is insolvent, and that the assignee in bankruptcy has therefore no interest in the effects of the firm, and that the solvent partners must of necessity apply the whole copartnership property to the payment of the partnership debts, and make up the deficiency of such debts out of their individual property, it is not necessary that the assignee should be a party to a bill in chancery to recover a demand due to the firm.

A creditor's bill cannot be sustained upon the return unsatisfied of an execution, issued out of a justice's court, against the personal property of the defendant only; and the return unsatisfied, of an execution issued upon a judgment of a court of record, a short time before the recovery of the judgment before the justice, is not sufficient evidence that the defendant has no real estate out of which the last judgment can be levied.

Whether a creditor's bill can be founded upon the return unsatisfied of an execution issued out of a justice's court, against the defendant's personal property only, where there is a distinct averment in the bill that the defendant had not at the time of the filing of such bill, nor at the time of the issuing of the execution, any real estate or chattels real whatever: *Quære?*

THIS was an appeal from an order of the vice chancellor of the eighth circuit, for the appointment of a receiver upon a creditor's bill; and from another order denying the defendant's application to dissolve the injunction which had been allowed upon the filing of the bill. The complainants stated, in their bill, the recovery of a judgment in the supreme court, in October, 1842, for $83,12, in favor of themselves and J. Wells, as copartners, for a debt due to their copartnership firm of Coe, Wells & Co., that upon such judgment an execution was issued to

the sheriff of the county of Livingston, where the defendant re-
sided, on the 2d of December, 1842, returnable in sixty days,
and that such execution was subsequently returned unsatisfied.
The complainants also stated the recovery of another judgment
against the defendant, in favor of D. Friman, before a justice
of the peace, for $33,55; that upon this judgment an execution
was issued to a constable of the county where the defendant re-
sided, on the 4th of October, 1843, returnable in ninety days; and
that such execution was also returned unsatisfied; and that this
last mentioned judgment was afterwards assigned by Friman
to the complainants. The bill also stated that at the time of the
recovery of the judgment of $83,12, the firm of Coe, Wells &
Co. was insolvent, and that Wells, one of plaintiffs in such
judgment, was afterwards discharged under the bankrupt act.

*O. Meads*, for the appellant.

*J. L. Wendell*, for the respondents.

THE CHANCELLOR. This case must be decided upon the
facts stated in the original bill, on which the orders appealed
from were based. I cannot therefore notice the fact, subse-
quently stated by way of amendment to the bill, that the bank-
rupt had assigned his interest in the judgment, recovered in the
names of himself and of the complainants, previous to the insti-
tution of the proceedings for his discharge under the bankrupt
act. For the purpose of ascertaining whether the decisions of
the vice chancellor were correct, therefore, it must be taken as
an admitted fact that the judgment belonged to the partnership
at the time the decree in bankruptcy was pronounced; and that
the beneficial interest of the bankrupt, in that debt, if any such he
had, belongs to his assignee in bankruptcy. The question first
to be considered then is, whether the assignee in bankruptcy
was a necessary party to the suit, in this court, to reach the prop-
erty of the defendant and have it applied in satisfaction of that
judgment.

Where a debt is due to a copartnership at the time of the

bankruptcy of one of the individual members of the firm, an action at law to recover the debt must be brought in the joint names of the solvent copartners and of the assignee of the bankrupt; as the legal title to the debt is vested in them jointly, by operation of law. (2 *Walf. on Parties*, 299.) But the solvent partners have the right to bring the action in the names of themselves and the assignees of the bankrupt, without the consent of such assignees, upon giving them an indemnity against costs. (*Broom on Part.* 65. *Whitehead* v. *Hughes*, 2 *Cromp. & Mees. Rep.* 318.) And in this court I think the assignee of the bankrupt copartner is a necessary party to a suit brought to recover a debt due to the firm at the time of his bankruptcy; where such assignee takes a beneficial interest in the partnership effects, as a trustee for the separate creditors of the bankrupt copartner under the proceedings in bankruptcy. But where the bankrupt is discharged from his debts, and it distinctly appears that the copartnership is insolvent, so that the assignee in bankruptcy has no interest in the effects of the firm, but the solvent partners must necessarily apply the whole of the copartnership property to the payment of the debts of the firm, and make up the deficiency of those debts out of their individual property, and where that fact is distinctly stated in the bill, I can see no good reason for making the assignee of the bankrupt partner a party to a suit in this court to obtain payment of a debt due to the firm.

The objection, however, that the amount of the judgment in the supreme court is not sufficient to give the court of chancery jurisdiction, and that the complainants have not exhausted their remedy at law as to the justice's judgment, appears to have been well taken. The vice chancellor considers the fact that the execution upon the judgment in the supreme court, which was issued against the real as well as the personal estate of the defendant, had been returned unsatisfied, as equivalent to an allegation in the complainant's bill that the defendant had no real estate which could be reached by execution, at the time such bill was filed. But he has overlooked the fact that the execution upon the judgment in the supreme court was returnable as early as the first of February, 1843, five months previous

Coe *v.* Whitbeck.

to the recovery of the judgment before the justice, and eleven months before the return day of the execution issued upon that judgment against the defendant's personal property merely. The returns upon both executions, therefore, may be perfectly true, and yet the defendant may have acquired real estate sufficient to have satisfied the justice's judgment after the return day of the execution issued out of the supreme court; and which could not, for that reason, be sold by the sheriff.

Where a judgment is recovered in a justice's court, and the defendant has no real estate whatever, the filing of a transcript in the office of the county clerk for the purpose of obtaining an execution against real as well as personal estate might perhaps be considered as an useless expense. But to entitle the plaintiff in the judgment to file a creditor's bill, upon the return of an execution which has been issued against the personal estate merely, unsatisfied, there should at least be a distinct averment in the bill, that the defendant had not, either at the time of the issuing of such execution, or at the time of filing the bill, any real estate or chattels real which could have been reached and sold upon execution, if the judgment had been entered and docketed in the county clerk's office, and an execution issued thereon against both real and personal property of the defendant.

The orders appealed from must therefore be reversed. The motion to dissolve the injunction must be granted, and the motion to appoint a receiver must be denied with $10 costs; but without prejudice to the right of the complainants to apply to renew the injunction and to appoint a receiver, upon a new, or an amended bill.