# COURT OF APPEALS.

## BEARDSLEY SCYTHE COMPANY agt. JOHN C. FOSTER.

In an action to reach the property of a judgment debtor to satisfy a judgment, it was *held*, that it was a fatal defect to the complaint, that it did not aver that the execution issued upon the judgment had been returned unsatisfied, in whole or in part.

Also *held*, that the plaintiff had no right to claim an enforcement of the contract between Osborn and the defendant.

Also *held*, that it was erroneous and improper, to include in the judgment of affirmance on appeal, the judgment rendered at special term. That the only judgment rendered on affirmance and with costs, was for the costs of the appeal ; and that when, as in this case, judgment had been entered up, not only for the costs awarded on affirmance, but for the amount of the judgment of the special term, it was the duty of the supreme court to amend the judgment by striking therefrom the judgment of the special term, and that the same should stand only for the costs awarded on affirmance.

*September Term*, 1867.

THE action was commenced to reach the property of one Osborn, the judgment debtor of the plaintiff. The complaint averred the recovery of the judgment for $2,209.93, against Osborn, on a demand originally incurred by the firm of George Clow & Co., which firm consisted of said Clow and Osborn. That execution on such judgment was issued and remained unsatisfied, except for the sum of $175.64, and that the balance of the judgment remained unpaid. That both Osborn and Clow were insolvent.

It was also averred that the defendant became possessed of the chattels, property and choses in action of Osborn, which originally belonged to the firm of George Clow & Co., under a bill of sale from Osborn, coupled with an agreement, having for its object the hindering and delaying of the creditors of the firm, to the effect that the same should be converted into money, and applied by Osborn to the payment of the liabilities of the firm of George Clow & Co., and whatever excess should remain, was to form and constitute a partnership fund between Osborn and the defendant, in a new business in which they proposed to engage.

It was also averred that the defendant so became possessed of such property under this agreement, and in violation thereof, retained the possession of the same, and retained it to his own use.

The prayer of the complaint was, that the defendant might be compelled to account for the property and its avails, which came to his hands under the agreement, to the end that the same might be applied in satisfaction of the plaintiff's claim.

On affirmance of the judgment with costs, by the general term, of the judgment rendered at special term, a judgment was entered not only for the costs of affirmance on appeal, but it embraced also the judgment of the special term.

KING & CRANE, *for appellant.*
A. J. PARKER, *for respondent.*

BOCKES, J. Appeal from the judgment of the general term of the supreme court, affirming a judgment directed by a referee.

The action was put at issue, and referred to a referee to hear and determine. When the case was brought on for trial, the objection was raised that the complaint did not state facts sufficient to constitute a cause of action. The referee sustained the objection and dismissed the complaint. On appeal, the general term affirmed the judgment. Thereupon the plaintiff appealed to this court.

The complaint is most singularly and inartificially drawn. It is difficult to surmise, and impossible clearly to perceive, what theory of action the pleader entertained and endeavored to present by the pleading. It is entirely defective as a *creditor's bill*, to reach property fraudulently transferred, and equally so if the action was intended to enforce performance of the agreement set out, and which was evidently supposed to confer upon the plaintiff a right of action.

The complaint states that the plaintiff recovered a judgment in the supreme court against one Wm. Osborn, for

Beardsley Scythe Company agt. Foster.

$2,209.93, on a demand originally incurred by the firm of " George Clow & Co.," which firm consisted of George Clow and said Osborn. That execution on such judgment was issued and remained unsatisfied, except for the sum of $175.64, and that the balance remained unpaid. That both Osborn and Clow were insolvent.

It is also averred that the defendant became possessed of the chattels, property and choses in action of Osborn, which originally belonged to the firm of " George Clow & Co.," under a bill of sale from Osborn, coupled with an agreement having for its object the hindering and delaying of the creditors of the firm, to the effect that the same should be converted into money, and applied by Osborn to the payment of the liabilities of the firm of " George Clow & Co.," and whatever excess should remain, was to form and constitute a partnership fund between Osborn and the defendant, in a new business in which they proposed to engage.

The further averment is, that the defendant having so become possessed of such property under this agreement, in violation thereof, retained the possession of the same, and converted it to his own use.

The prayer is, that the defendant may be compelled to account for the property and its avails, which came to his hands under the agreement, to the end that the same might be applied in satisfaction of the plaintiff's claim. General relief is also demanded.

The complaint is radically defective as a creditor's bill to set aside the sale and transfer from Osborn to the defendant. It does not appear that the plaintiff has exhausted its remedy at law against Osborn, the judgment debtor, inasmuch as it is not averred that an execution was returned unsatisfied in whole or in part; this is essential to jurisdiction in this class of actions. (*Crippin* agt. *Hudson*, 13 *N. Y.* 161 ; *Forbes* agt. *Waller*, 25 *N. Y.* 430–434 ; *Dimby* agt. *Tallmadge*, 32 *N. Y.* 457 ; see remarks of Judge WRIGHT *in the cases cited, and the authorities there given*.)

It is averred that an execution issued, and that $175.64, were made thereon, and that the balance of the judgment remains unpaid. But it is not averred that the execution had been returned. This omission was a fatal defect to the statement of a cause of action in the nature of a creditor's bill. Nor was this defect cured by the allegation that both Osborn and Clow were insolvent. It was said in *McElwain* agt. *Willis* (9 *Wend.* 548), that the actual return of an execution unsatisfied, was essential to the maintenance of such a bill, both before and under the Revised Statutes, and that the place of such averment could not be supplied by an allegation of a total want of property. This remark received approval in this court in *Crippin* agt. *Hudson* (13 *N. Y.* 161–165), where it was said that the same rule obtains since the adoption of the Code.

An action in equity may be maintained in aid of an execution, without its return, when there has been an actual levy, with a view to remove fraudulent claims upon the property levied on. But such is not this case. No such relief is demanded, nor are there facts alleged on which it could be claimed. Neither is it directly averred that the arrangement between Osborn and the defendant, and the transfer of the property to the latter, were made with intent to hinder, delay and defraud the creditors of Osborn, and, therefore, void. True, it is stated in one part of the complaint that the defendant *proposed* to Osborn that the payment of his liabilities might be postponed and delayed; and that his creditors and those of " George Clow & Co.," might be kept off and delayed in the enforcement of their demands, by the *plan therein* (and hereinbefore) set out, to which proposition and *plan*, Osborn agreed. And in another part, it is stated "that except for the purpose of putting off, or hindering and delaying the creditors of the said " George Clow & Co.," the aforesaid notes and property, were to remain the property and effects of said Osborn." But there is nowhere a direct averment that the sale and transfer by Osborn to the defend-

ant, was with intent to hinder, delay and defraud creditors, and, therefore, void. Such an averment would be contrary to the general scope and tenor of the complaint. It is entirely plain, I think, that the pleader did not count on the invalidity of the contract between Osborn and the defendant, but rather on its validity and breach. The theory of the complaint (if indeed it has any), is to enforce the contract. And again, in an action to reach property fraudulently disposed of by Osborn, the latter was a necessary party, in the absence of all excuse for the omission. (*Lawrence* agt. *Bank of the Republic*, 35 *N. Y.* 320–4.) Perhaps this objection should be deemed to have been waived by the defendant, pursuant to section 148 of the Code, because not taken either by demurrer or answer. But it is unnecessary to consider this point at all, as it is very clear, that for other reasons above given, the complaint is fatally defective as a creditor's bill, and to reach property frandulently transferred by Osborn to the defendant.

The action, however, was brought very evidently to enforce the agreement made between Osborn and the defendant, set out in the pleading. In this view, can the action be maintained on the facts stated ? It is very obvious that it cannot be. The plaintiff shows no right to the contract, or to its enforcement. As the agreement is stated in the complaint, there was no promise, even, on the part of the defendant to pay the plaintiff's claim. It was well said in the court below, that the plaintiff shows no right to enforce contracts between Osborn and the defendant. The scythe company was not, either in fact or in law, the assignee or owner of the contract, nor of any claim or right under it, and of course, had no right to demand its performance. The dismissal of the complaint was obviously correct.

It is suggested that the judgment entered on the decision of the general term . is erroneous, for the reason that it includes the general costs of the action embraced in the judgment directed by the referee, as well as the costs of the

appeal.   As a matter of practice, this was clearly erroneous. It has long been the settled practice to enter judgment for the costs of the appeal only in the judgment of affirmance. Indeed, an order of affirmance gives a right of recovery only for the costs of appeal, and no new judgment for a recovery against the party should be entered except for those costs.

This was decided in *Eno* agt. *Crook* (6 *How. Pr. R.* 462). It was there correctly stated that there was an obvious impropriety in entering up two judgments in the same court for the same demands. "That on affirming a judgment at general term, the court does not direct a new judgment to be entered for the original claim. But it simply declares that it is satisfied to let the former judgment stand, and, therefore, simply affirms it. This is all that the entry of judgment should contain, unless costs are awarded, in which case it should adjudge the costs to the prevailing party."

Such was held to be the correct practice, by the superior court of the city of New York, in *De Agreda* agt. *Mantel* (1 *Abb.* 130), decided at general term of that court. In that case the judgment of affirmance included the former recovery. The court held, that this was error in practice, and directed the second judgment to be vacated except for the costs awarded to the appellant. This question of practice was again under consideration in the supreme court, in *Halsey* agt. *Flint* (15 *Abb.* 367). The judgment included the interest upon the judgment which was affirmed. The court at general term held, that such interest did not properly come into the judgment of affirmance. It was here said, that "to allow the judgment of affirmance to embrace the amount of the original judgment, would be to allow two judgments for the same debt—might in some cases oppressively accumulate interest—and would lead to an onerous and unnecessary multiplication of liens upon the debtor's property. Hence it has become the established practice, and is settled by the court of appeals as the only proper practice, to exclude from the judgment of affirmance all sums and amounts secured by

the judgment in the court below." But the objection involves a question of practice merely, to be corrected by the supreme court, in case the respondent shall seek to enforce a double collection of costs.

The error being one of practice merely, constitutes no ground for reversing the judgment appealed from. Such judgment, as pronounced, was entirely correct, and the error consists in the form merely in which it was sought to be carried into effect. If necessary the supreme court will hereafter correct the error.

The judgment must be affirmed, with costs.