Payne *v.* Sheldon.

person a portion of that sum, when, as between themselves, $250 was all that was to be paid by the defendant. If this was true, it was a fraud, which a party is not allowed to set up in defense.

The judgment should be set aside, and a new trial ordered; costs to abide the event.

[THIRD DEPARTMENT, GENERAL TERM, at Schenectady, June 4, 1872. *Miller,* *P. Potter* and *Parker,* Justices.]

ALLEN PAYNE *vs.* WILLIAM P. SHELDON, impleaded with Thomas M. Terry, and others.

Where the property of a judgment debtor, sought to be reached and applied upon the judgment, is real estate, only, and the debtor has no other property out of which the judgment can be satisfied, and that has been conveyed to another, in fraud of the judgment, it is not essential to relief for the judgment creditor to show that execution has been issued upon his judgment.

Thus, where it was alleged in the complaint, and admitted by the demurrer, that a just debt was due from a defendant; that after the same was created, and before judgment thereon, he sold and conveyed the premises sought to be reached to one of his co-defendants, with the fraudulent intent and design of cheating and delaying the judgment creditor in the collection of his debt; that he was without pecuniary responsibility, and owned no other property out of which the judgment, or any part thereof, could be collected; *Held* that a court of equity had power to grant the appropriate relief to the plaintiff by declaring the fraudulent conveyance void, and setting it aside, and decreeing that the judgment debtor was the owner of the premises conveyed by it, and that the same were subject to the lien of the judgment.

And that it was no objection to the granting of such relief, that the plaintiff did not allege, in his complaint, that an execution had been issued upon the judgment, and placed in the hands of the sheriff.

Courts of equity acquire jurisdiction to aid legal remedies, when it appears that without such assistance the legal process is ineffectual, and that with such assistance beneficial relief can be rendered.

If the property sought to be reached by a judgment creditor is liable to sale on execution, then it must be made to appear that it has been made subject to the lien of the judgment, and that there is some necessity for asking the aid of a court of equity.

So far as real estate is concerned, the lien is effected by docketing the judgment in the county where the lands are situated; and as to goods and chattels, by issuing execution to the sheriff of the county where the property is situated, and levying on the same. The lien being thus placed upon the property, the creditor is in a situation to ask relief in a court of equity, if there be an existing necessity.

The lien of a judgment on the land of the judgment debtor, and the right to sell it on execution in payment of the judgment, is the basis of the right to have a fraudulent sale or incumbrance removed. And the fact that the debtor has no other property proves, conclusively, that there is a necessity for relief. The issuing of an execution, in such a case, does not change the situation, in the least, or benefit either party. And a return of *nulla bona* is only evidence of the necessity of securing aid from a court having equity powers.

Where a complaint does not allege that an execution, issued upon a judgment, was directed to the sheriff of the county where the judgment debtor then resided, the complaint is not aided by an averment that such execution was returned *nulla bona.*

DEMURRER by the defendant, Wm. P. Sheldon, to the plaintiff's complaint. The same was sustained at special term, and from the order there made, the plaintiff appealed.

The case, as presented by the plaintiff's complaint, is fully stated in the opinion of the court.

*John Ganson,* for the plaintiff.

*E. W. Gardner,* for the defendant.

*By the Court,* BARKER J. It is alleged in the complaint, that in November, 1856, the plaintiff recovered a judgment in this court, against the defendant Sheldon, for $740, and the judgment roll was filed and judgment docketed in Ontario county clerk's office. There is no allegation that execution was ever issued on this judgment.

. The complaint also alleges, that in February, 1860, another judgment, in this court, was rendered against the defendant Sheldon, in favor of the plaintiff, for $234, and the judgment roll filed and judgment docketed in the

same clerk's office. That an execution was issued on this judgment, directed to the clerk of Ontario county, against the property of the defendant, which was returned unsatisfied. That both of said judgments remain in full force, wholly unsatisfied. That the defendant William P. Sheldon was the owner of a certain piece and parcel of land situated in Ontario county, and after creating the debt upon which the said judgments were rendered, and before the same were entered, he sold and conveyed the land to the defendant Thomas M. Terry, who is now in the possession of the same. The complaint contains averments, alleging such conveyance to be fraudulent and void as against the plaintiff and others, creditors of said Sheldon.

The complaint then alleges, " that the defendant William P. Sheldon is a man of no responsibility, and is possessed of no other property out of which this plaintiff's judgments, and the judgments of his other creditors, can be satisfied."

The relief asked is, that the said conveyance be declared void and set aside ; that it be decreed, that the defendant Sheldon is the owner, and the same is subject to the lien of the said judgments; and for other and further, proper and appropriate relief.

The learned judge, at special term, held that the complaint did not allege a cause of action, and sustained the demurrer; holding as it was not alleged, specifically, that the defendant in the judgments was a resident of Ontario county when the execution was issued on the last described judgment, the action could not be sustained on that judgment, and as it did not appear that an execution had been issued on the first described judgment, neither could the relief sought be obtained on that judgment.

The first question to be considered and determined is, was it necessary for the plaintiff to issue executions on his judgments, before he could apply to this court for the relief demanded in the complaint.

Payne *v.* Sheldon.

Courts of equity acquire jurisdiction, to aid legal remedies, when it appears that without such assistance the legal process is ineffectual, and that with such assistance beneficial relief can be rendered.

But they have no jurisdiction to enforce the payment of debts. Creditors must resort to the common law courts, for process and judgment. By these means the property of the defaulting debtor is reached and appropriated to the payment of his debts. All that equity is capable of doing, is to aid in the enforcement of the judgment there obtained.

These applications are made under many and various circumstances; and it is believed that the conditions imposed by the equity courts, before assuming jurisdiction and rendering assistance, are well settled upon principle and the authority of adjudicated cases. It will be seen, upon an investigation, that the question comes to be, what kind of evidence is required, to establish the necessity for interference by courts of equity. In all cases it must appear, that there is a judgment against the debtor. The debtor's assets applicable to payment of his debts, are divided into two classes; one, when the property is made subject to a lien by the judgment and is liable to seizure and sale by process of execution, and consists of real estate and personal property; the other consists of choses in action, not liable to levy and sale on execution.

If the judgment creditor seeks to obtain satisfaction out of the class of property beyond the reach of execution, it must appear that he has exhausted his remedy at law; and the only evidence of that fact, that will be received by the rules of law, is the issuing and return *nulla bona,* upon an execution against the property of the judgment debtor, liable to sale on execution. The statute providing for the filing and prosecution of a judgment creditor's bill, so called, requires this; and whether it was the rule before this statute, it is wholly unnecessary to inquire. (2 *R. S.* 173, §§ 38, 39.)

Payne *v.* Sheldon.

If the property sought to be reached is liable to sale on execution, then it must appear that it has been made subject to the lien of the judgment, and that there is some necessity for asking the aid of the peculiar powers of a court of equity. So far as real estate is concerned, the lien is effected by docketing the judgment in the county where the lands are situated; as to goods and chattels, by issuing execution to the sheriff of the county where the property is situated, and levying on the same. The lien being thus placed upon the property, the creditor is in a situation to ask relief, if there be an existing necessity. To show that, it must appear that the particular property sought to be reached and sold, is necessary for the satisfaction of the judgment; for if there be sufficient other property liable to sale, and there be no impediment to a fair sale of the same, then there is no necessity for applying for aid; so it must be alleged in the pleading, and if denied, proved on the trial, that there is not sufficient other property liable to sale on execution, out of which to satisfy the judgment. To illustrate; take the very common case, where the creditor has issued an execution on his judgment, to the county where his judgment is docketed, and levied upon personal property, and the debtor has real estate also in the same county, and both the real and personal property has been sold or incumbered, fraudulently, with a view to prevent and defeat a sale of the same by the judgment creditor on his execution, he can file his bill to set aside the sale or remove the incumbrances, that there may be a fair sale, and the property bring its full value. But it must appear that there is no other property of the debtor, out of which the judgment can be paid. In such a case, it is sufficient to make the averment in the complaint, and prove the same on the trial. It is a proceeding in equity, to aid the common law process; and it is not necessary to have execution returned unsatisfied.

Upon this point there is no disagreement between the

counsel, nor dispute in the authorities. The precise question arising on this demurrer is, must there be execution, where the property sought is real estate only, and the debtor has no other property out of which the judgment can be satisfied, and that has been conveyed to another in fraud of the judgment. I am of the very decided opinion, that it is not essential to relief that execution be issued. The lien on the land, and the right to sell it on execution in payment of the judgment, is the basis of the right to have the fraudulent sale or incumbrance removed; the fact that the debtor has no other property, proves conclusively that there is a necessity for relief. The issuing of execution does not change the situation in the least, or benefit either party. If an execution, in such case, be issued and returned *nulla bona*, then it is admitted that the court may do all that is asked for in this case—set aside the fraudulent transaction; and the impediment being removed, another execution may issue, and the property be sold thereon. The fact that the return, *nulla bona*, may entitle the creditor to initiate proceedings in the nature of a creditor's bill, and have a receiver and sale by him, does not change the position any; for he may, if he so elects, pursue his remedy by process of execution, and sell the property thereon, after the debtor's title is established by a removal of the fraudulent conveyance. Thus it is proved, that the return *nulla bona*, is only evidence of the necessity of securing aid from a court with equity powers.

The only authorities, that I have been able to find, holding that it is necessary to have execution, before a court of equity will interfere, in a case like the one stated in the plaintiff's complaint, are *North American Ins. Co.* v. *Graham*, (5 *Sandf.* 197;) and *Cullock* v. *Colby*, (5 *Bosw.* 477.) The position there maintained, is in opposition to the previous practice of the equity courts of the State, and in hostility to the views of the great chancellors, Kent and Walworth. (*Brinkerhoff* v. *Brown*, 4 *John. Ch.* 671.

*McElwain* v. *Willis*, 9 *Wend.* 548.   *Clarkson* v. *DePeyster,*
3 *Paige,* 320.   *Beck* v. *Burdett,* 1 *id.* 308.   *Mohawk Bank* v.
*Atwater,* 2 *id.* 54.   *Shaw* v. *Dwight,* 27 *N. Y.* 244.   *Wilson*
v. *Forsyth,* 24 *Barb.* 105.   *Crippen* v. *Hudson,* 13 *N. Y.* 161.
*Chautauqua County Bank* v. *White,* 6 *id.* 236.)   The cases
in the Superior Court, above cited, are well decided, for
it did not appear in either case that the debtor had no
other property out of which the judgments could be sat-
isfied.

· The case of *Shaw* v. *Dwight,* (*supra,*) affirms all the prop-
ositions that are fundamental in the position I have as-
sumed, in upholding the complaint as sufficient. In that
case, a judgment creditor filed a bill to set aside prior
judgments, on the ground that they were paid. An ex-
ecution had been issued and returned *nulla bona,* but no
execution had ever been issued to the county where the
lands were situated. No receiver was asked for in the
complaint, and by the decree the only relief granted was
ordering the prior judgments to be satisfied. The defend-
ant claimed it was essential that execution be issued to
the county where the lands were located, and that the
same be in the sheriff's hands, ready to sell the lands,
after the prior judgments were declared paid; and one of
the judges, in a dissenting opinion, held to the same view.

Judge Denio, who wrote the prevailing opinion, says,
that it is no objection that the plaintiff had only a general
lien by judgment. He also cites *Brinkerhoff* v. *Brown,*
with approval, and quotes these remarks of Chancellor
Kent: "If the plaintiff seeks aid as to real estate, he must
show a *judgment,* creating a lien upon such estate; if he
seeks aid in respect to personal estate, he must show an
*execution,* giving him a legal preference or lien upon the
chattels;" and then adds, the position is supported by a
careful examination of the cases, and refers to the cases
containing the like opinion of Chancellor Walworth.

In the subsequent part of the opinion, the learned judge

does say: "That when it is sought to subject land by removing an obstruction to the plaintiff's execution, I am of the opinion that a *fieri facias* should be returned unsatisfied, for the purpose of showing that the plaintiff is under the necessity of asking the aid of the court, on account of his inability to collect his debt by process against the debtor's goods and chattels, but not for the purpose of perfecting his lien upon the land, for that is bound as strongly as it can be by the docketing of the judgment." The remark here made, that it is necessary to have execution returned *nulla bona,* as evidence of the necessity of asking for the aid of the court, must be considered as inconsiderately made by the learned chief justice; as it is counter to the very cases he had just cited, and repudiates the principle that a court of equity has power to aid the enforcement of an execution in the hands of the sheriff.

The defendant, by his demurrer, admits that a just debt has long remained unpaid; that after the same was created, and before judgment thereon, he sold and conveyed the premises sought to be reached to one of his co-defendants, with the fraudulent intent and design of cheating and delaying the plaintiff in the collection of his debt, that he is without pecuniary responsibility, and owns no other property out of which the judgments, or any part of the same, can be collected. The only objection he interposes against the relief prayed for is, that no execution has been placed in the hands of the sheriff. I am of the opinion that the objection is not sustained by reason or adjudication; and by the settled practice, courts of equity can take jurisdiction, in a case like this, and grant the appropriate relief. As the compaint does not allege that the execution, issued on one of the judgments, was to the sheriff of the county where the judgment debtor then resided, the complaint is not aided by the averment that the same was returned *nulla bona.* (*Read* v. *Wheaton,* 7

*Paige*, 664. *Smith* v. *Fitch*, 1 *Clarke's Ch. R.* 265. *Wilbur* v. *Collier*, *Id.* 315.)

The order appealed from is reversed, and the demurrer overruled ; with leave to the defendant Sheldon to answer on payment of costs.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 4, 1872. *Johnson, Talcott* and *Barker*, Justices.]