BALDWIN *et al.* v. RYAN *et al.,* appellants.

*Evidence — proof of return of execution — Fraudulent conveyance — what does not constitute — Adverse possession — no objection to official sale.*

The certificate of a county clerk *held* incompetent to prove the issue and return of an execution on file in his office. The execution with the sheriff's certificate indorsed thereon was the proper evidence.

In an action to set aside a conveyance as fraudulent, it was shown that the title to the premises conveyed was in the grantor and his wife jointly; that the grantor had never paid any of the purchase-money, but it had been paid by the wife, and that the grantor had, at the time it was made, considerable other property, and it did not appear that this property was not sufficient to pay his debts. The deed was voluntary. *Held* insufficient to warrant setting aside the conveyance as fraudulent.

The objection of adverse possession held not applicable to a deed executed by the comptroller of the State upon a tax sale in pursuance of law.

APPEAL from a judgment in favor of plaintiffs, William Baldwin and Sumner Baldwin, entered upon the report of a referee in an action to set aside certain conveyances as being in fraud of creditors.

On the 19th day of December, 1866, Lawrence Lannon and wife conveyed certain premises situate in the town of Alma, Allegany county, to the defendants, James and Ellen Ryan (husband and wife), jointly, for the consideration of $520, all of which was paid by one of the defendants, John Hood, who, at the time, owed the defendant, Ellen Ryan, $200.

About a year after the conveyance Hood also let the Ryans have $140, and enough so that on the 26th of March, 1869, the defendant, Ellen Ryan, owed him, on account of said purchase-money and said advances, over $500, which, however, they agreed to call $500.

On the 26th day of March, 1869, the defendants, James and Ellen Ryan, conveyed the said premises to Virgil A. Willard, an attorney at law, who, on the same day, conveyed the same to Ellen Ryan, and she, on the same day, executed and delivered to the defendant, John Hood, a mortgage for $500, as a security for the purchase-money and advances above mentioned. These conveyances and this mortgage were on the same day recorded in the Allegany county clerk's office.

At the time of these transactions the defendant, James Ryan, had, and continued to have until April, 1870, considerable personal property, and the only debt he owed was the one to the plaintiffs.

In the month of November, 1866, the said premises were sold for non-payment of taxes by the then comptroller of this State, and in pursuance of such sale the same were, by the comptroller, on the 2d day of March, 1869, conveyed to one Benajah F. Whitney, who, with his wife, on the 29th day of November, 1869, conveyed the same to the defendant, Ellen Ryan. Both the conveyances were recorded in the Allegany county clerk's office on the 31st of March, 1870.

During the year 1868 and early months of 1869, the defendant, James Ryan, became indebted to the plaintiffs, and on the 18th day of March, 1870, the plaintiffs recovered judgment against him on account thereof for $194.85, in a justice's court; they filed a transcript thereof and docketed the judgment in the Allegany county clerk's office, on the 21st of March, 1870; and issued execution on the same day, which was returned, unsatisfied.

The plaintiffs bring this action as judgment creditors of said James Ryan, to set aside the deeds from James and Ellen Ryan to Virgil A. Willard, and from Virgil A. Willard to said Ellen Ryan, as fraudulent as against the plaintiffs.

The action was referred to Harlow Hakes, before whom it was tried. The referee found that all the deeds were void, and ordered judgment setting aside the deeds from James and Ellen Ryan to Willard, and from Willard to Ellen Ryan, and the mortgage from Ellen Ryan to Hood.

*Rufus Scott*, for appellants.

*Jones & Spargur*, for respondents.

E. DARWIN SMITH, J. It was error to receive the certificate of the county clerk to prove the issue and return of the execution.

The execution, with the sheriff's return thereon indorsed, was the proper evidence of these facts. This exception is a valid one, and would have been fatal if it had been necessary for the plaintiffs to show the issue and the return unsatisfied, of an execution. This was unnecessary, as the action was not instituted to reach equitable property, but to remove incumbrances upon real estate which were in the plaintiffs' way in enforcing his judgment, which was duly proved. *Crippen* v. *Hudson*, 13 N. Y. 171; *Payne* v. *Sheldon*, 63 Barb. 169.

But the referee erred, we think, in holding that the deed from James and Ellen Ryan to Virgil A. Willard, and the deed from Willard to Ellen Ryan, and the mortgage from the said Ellen to John Hood, were void as against the plaintiff, and should be set aside. The deeds from James and Ellen Ryan to Willard, and from Willard to Ellen, were simply instruments designed to vest in her the whole legal title to the said premises. They were at most simply voluntary conveyances, so far as they conveyed the interest of James Ryan to his wife, and were not for that reason fraudulent or void. It was necessary for the plaintiffs to have shown, to justify setting them aside on that ground, that they were made when the husband had not other property left sufficient to pay his debts at the time of said conveyance, which was not proved; but, on the contrary, it was proved, and the referee found that he had at that time considerable personal property. *Babcock* v. *Eckler*, 24 N. Y. 623.

But, beside this consideration, it clearly appears that Mrs. Ryan was in fact the real and equitable owner of this land. She had paid, or procured through her friend Hood to be paid, the whole consideration for the land. Ryan had not paid one cent of the purchase-money. It was but right, therefore, for him to convey the whole legal title to her, and this was all that was accomplished by

these two deeeds. Mrs. Ryan was and could be guilty of no fraud in taking the legal title to herself, as she had the whole equitable title.

Nor was it fraudulent in her to give the defendant Hood a mortgage on said land to secure her debt to him for his advances to her. If these deeds and this mortgage had not been executed the equitable rights of Ellen and of Hood, in respect to this land, were superior to the plaintiffs', and would have been protected. *Dygert* v. *Remerschnider*, 32 N. Y. 629.

The plaintiffs had no judgment when these deeds and this mortgage were executed, and the right of the defendant Hood to take a mortgage on this property as security for his debt, and the right of Ellen Ryan to give such security, cannot, I think, be doubted; and such mortgage would be and is a valid security precedent to any lien of plaintiffs' judgment or their rights under the same, and there can be no fraud in such a transaction.

Ryan had paid no part of the consideration on the purchase of the land, and it does not appear that he had added to the value of the property by any improvements made with his own funds. Ellen, it seems to us, was the equitable owner of these premises, and had the right to take from him a conveyance or release of his share in the nominal title ; and, if he recognized her right as such equitable owner, he had the clear right to clothe her with the whole legal title before any liens were actually acquired against such property.

We, also, do not see any valid objection to the deed from Benjamin F. Whitney to Ellen Ryan.

The objection of adverse possession at the time of the execution of said deed does not apply to judicial sales or deeds, nor to deeds executed by the comptroller of the State in pursuance of law. *Hubbell* v. *Welden*, Hill & Denio, 142.

And it was error to set aside the deeds aforesaid and the mortgage to Hood, in any view, even though the deed of Ryan, through Willard to his wife, was held to be fraudulent as against the plaintiffs. They were valid between the parties, and the plaintiffs could only reach such interest as Ryan had in said land at the time of these conveyances. This he might be allowed to sell, and the purchaser would be substituted to Ryan's place. He could have no higher interest in the land. *Otis* v. *Gilmore*, 7 Lans. 245.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*