DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM.

## July, 1877.

ETHELBERT BELKNAP, Appellant, *v.* THE NORTH AMERICA LIFE INSURANCE COMPANY AND OTHERS, RESPONDENTS.

*Action to remove trustee of a corporation — 2 R. S., 463, § 35 — "creditor in" — means judgment creditor — chap. 463 of 1853.*

The word creditor, as used in section 35 of 2 Revised Statutes, 463, authorizing " any creditor " to maintain an action to procure the removal or suspension of a trustee of a corporation for an abuse of trust, means a judgment creditor.

The owner of a paid-up policy issued upon his life by a life insurance company is not a creditor thereof within the meaning of that section.

Said section was not repealed by section 17 of chapter 463 of 1853 providing for an examination of such companies by the comptroller, and the maintenance of an action against them by the attorney-general.

APPEAL from an order made at the Special Term, denying a motion for the appointment of a receiver and for an injunction.

*Redfield & Hill*, for the appellant. The policyholders are creditors within the meaning of section 35, article 2, title 4, chapter 8, part 3 of the Revised Statutes, and, as such, have a standing to invoke the power of a court of equity to restrain waste and misappropriation of the company's funds by the officers and others. (1 Bouvier

Law Dict., 409, tit. " Creditor.") The term " creditor " is used in our statutes in its broad and popular sense. Statutes must be interpreted according to the popular meaning of the language, unless some controlling reason appears for a special and restricted interpretation. (*Chase* v. *N. Y. C. R. R.*, 26 N. Y., 523, 525 ; *Holmes* v. *Carley*, 31 id., 289 ; *Wallace* v. *Harris*, 20 Wend., 555, 562 ; *The People* v. *Draper*, 15 N. Y., 532.) The general design of the Revised Statutes was to secure equality in the distribution of the assets of insolvent corporations. (§ 9, art. 1, tit. 2, chap. 18, part 1, R. S., 592 ; § 71, art. 3, tit. 4, chap. 8, part 3, R. S., 2 ; id., 469 ; *Brower* v. *Harbeck*, 9 N. Y., 591, 593 ; *Curtis* v. *Leavitt*, 15 id., 109, 139, 198, 199 ; *Casserly* v. *Manners*, 9 Hun, 702.) Its provisions are intended to subject all proceedings which might lead to preferences to the control of the court in the equity suit, and to compel all *claimants* to " exhibit their claims and become parties " to the equity suit (*Rinn* v. *Astor Fire Ins. Co.*, 59 N. Y., 143 ; *Mickles* v. *Rochester City Bank*, 11 Paige, 118, 125), so that each claim might be established as against every other, and no one secure any advantage over any other in point of time. A policyholder is a *preferred creditor*. (*Re Croton Ins. Co.*, 3 Barb. Ch., 642 ; *Le Roy* v. *Globe Ins. Co.*, 2 Ed. Ch., 673, 674.) It would seem to be decided that any one interested in the distribution may file the bill to wind up a corporation, to obtain a distribution of its assets and the incidental relief afforded by section 56. (*Mickles* v. *Rochester City Bank*, 11 Paige, 125.) The plaintiff has a standing to maintain this action wholly independent of any statute. This bill charges a plain misappropriation of trust funds, in which the plaintiff has an interest, by these officers and the Universal Company. (*Grey* v. *The N. Y. and Virginia Ins. Co.*, 5 S. C. R. [T. & C.], 228 ; *Brewer* v. *Boston Theater*, 104 Mass., 378 ; *Maurini* v. *Goldthwaite*, 34 Texas, 135 ; *Heath* v. *Erie R. R. Co.*, 8 Fletcher, 347 ; *Dodge* v. *Wolsey*, 18 How. [U. S.], 321 ; *Mott* v. *The Penn. R. Co.*, 30 Pa., 1 ; *Manderson* v. *The Commercial Bank*, 28 id., 379.) The action ought ordinarily to be brought in the name of the corporation ; but when, as in this case, the officers are parties to the wrongs alleged, one may sue in behalf of himself and all others similarly situated. (*Beaman* v. *Bufford*, 1 Sim. [U. S.], 550 ; *Winch* v. *Birkenhead R. Co.*, 5 D. G. S., 562 ;

*Mosley* v. *Allston*, 1 Phil., 790 ; *Wood* v. *Draper*, 24 Barb., 187 ; *Robinson* v. *Smith*, 3 Paige, 222 ; *Cunningham* v. *Pell*, 5 id., 607 ; *Peabody* v. *Flint*, 6 Allen, 52 ; *Carpenter* v. *N. Y. and N. H. R. R. Co.*, 5 Abb., 257 ; *Cross* v. *Sackept*, 2 Bosw., 617 ; *Prouty* v. *The South. R. R. Co.*, 4 N. Y. S. C. R., 231.) A creditor at large may maintain such an action. (*Innes* v. *Lansing*, 7 Paige, 584 ; 1 R. S., 767 ; 1 N. Y. Stat. at Large, 720 ; *Mickles* v. *Rochester City Bank*, 11 Paige, 118, 126 ; *Conroy* v. *Gray*, 4 How. Pr. R., 166 ; *Conro* v. *Port Henry Iron Co.*, 12 Barb., 27, 58 ; Story Eq. Plead., § 99 ; *Galway* v. *Steam Sugar Refining Co.*, 36 Barb., 256.)

*Robert Sewell*, for the North America Life Insurance Company, respondent.

*Ashbel Green*, for the Universal Life Insurance Company, respondent.

BARNARD, P. J.:

The plaintiff is a policyholder in the North America Life Insurance Company, having a paid-up policy. He avers in his complaint, that the North America Life Insurance Company, through its officers, has made a corrupt and injurious arrangement with the Universal Life Insurance Company, whereby the management of both companies is conducted by the same directors and partially by the same officers. That these combined companies have made some other arrangement, whereby property of the Guardian Life Insurance Company, has come into their possession and they have so mingled the funds of the three companies, that it is impossible to trace the same. The complaint also avers other frauds and imperfections, and asks that a visitation of the three companies may be made under the direction of the court ; that all persons who are directors both of the Universal and North America companies may be removed from their offices ; that the injurious contracts and arrangements may be declared void ; that the North America company may, if insolvent, be dissolved and its affairs wound up, and asks for a receiver in the meantime.

The motion for a receiver and for a referee to visit the three companies was denied on the ground that the plaintiff had no

standing to bring the action. Is a policyholder in a life insurance company a creditor? Assuming him to be a creditor at large, does the word "creditor" in the statute mean a judgment creditor? If the plaintiff has a right to sue under the Revised Statutes (2 R. S., 462, §§ 33, 34 and 35) does the law of 1853 (chap. 463, Laws of 1853 § 17), take away his right? These are the questions involved on this appeal.

I do not think the plaintiff is a creditor. He holds a paid-up policy. After he dies the insurance company will owe his representatives the amount thereof, if no fraud or misrepresentation has been used to obtain the policy, if no warranty has been broken and if the assured does not violate any of the conditions contained in the policy itself. There is no present right. There is no certainty that there ever will be an established debt. The creditor must be a judgment creditor; so held in reference to the statute word "creditor" in other sections. (*Greenwood* v. *Brodhead*, 8 Barb., 593; *Crippen* v. *Hudson*, 13 N. Y., 161; *Frisbee* v. *Thayer*, 25 Wend., 398.)

Any other meaning to the word creditor would involve a possible joinder of incongruous causes of action and triable in a different way. If the debt at large was claimed to be upon contract and the contract was denied and the debt should be averred to be paid, how is the issue tried? When the Revised Statutes were passed a legal and equitable claim could not be joined in one complaint.

If creditor meant a creditor at large with an unproven debt, why did the legislature give him a standing in a court of equity, when his very debt must be proven in a court at law.

As to the third question I see no reason to hold that chapter 463, Laws of 1853, section 17, was intended to repeal the Revised Statutes. By that section the comptroller was given power, on suspicion of unsound condition, to cause an examination to be made into the affairs of the suspected company. If he found the company in an unsound condition he is directed to withdraw the certificate granted to the company, and no new policies are to be issued.

The comptroller is also directed to communicate the fact of the unsoundness of the company to the attorney-general, whose duty it is then made to apply to the Supreme Court for an order requiring the company to show cause why it should not have its business closed.

By section 11 of this act of 1853, the life insurance corporations are made subject to the Revised Statutes, "except in regard to annual statements and other matters herein otherwise specially provided for." The argument is made that, by section 17, a dissolution is provided for, and consequently that, by section 11, the Revised Statutes are not applicable. The Revised Statutes (2 R. S., 462, § 33) are addressed to an entirely different class of cases than those expressed in section 17, of Laws of 1853. The power to dissolve a corporation authorized by law to make insurances was given to the Court of Chancery for insolvency or inability to pay its debts; for violation of charter or of any act binding upon it. (2 R. S., 463, § 39.) Section 17 of the Laws of 1853 does not necessarily reach either of these cases.

I cannot, therefore, hold that the Revised Statutes are repealed because the present case is specifically provided for in the law of 1853.

Order affirmed, with costs and disbursements.

Present — BARNARD, P. J., and GILBERT, J.; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.