WALDO H. STONE *vs.* NATHANIEL W. WESTCOTT *et als.*

The general rule is that a bill in equity by a judgment creditor to reach the equitable assets of his debtor, must allege that execution has been issued on the judgment and returned unsatisfied.

An allegation in the bill that the debtor had no property or estate on which an execution could be levied, does not bring the case within any of the exceptions to the general rule.

BILL IN EQUITY by a judgment creditor to subject the equitable assets of his debtor to the payment of the judgment debt.

*March* 14, 1894. TILLINGHAST, J. This is a bill in which the plaintiff is endeavoring to subject the equitable interest of the defendant, Nathaniel W. Westcott, in the fund held by the executors of the will of Penelope N. Westcott, to the payment of a judgment debt of said defendant. The bill sets forth, amongst other things, that the plaintiff recovered judgment against said defendant Westcott, on the 25th day

of February, 1893, for the sum of $125 debt, and costs of court taxed at $12.85, which judgment is wholly unsatisfied, and that at the time of said recovery, and since then, said Nathaniel W. Westcott has never had any personal property or real estate upon which execution could be levied to satisfy said judgment.

The defendants have demurred to the bill because it is not alleged therein that execution on said judgment has been issued and returned unsatisfied; and the only question now before us, therefore, is whether the bill can be maintained. That the bill is demurrable is settled in this State by *Smith* v. *Millett*, 12 R. I. 59, which is merely an affirmance of the general rule appertaining to the subject (see cases collected in 2 Beach on Modern Eq. Juris. § 893, note 3, on p. 960), unless the case falls within some exception to the general rule there laid down. The plaintiff's counsel contends that an exception arises where, as in this case, the bill alleges that defendant has no property or estate upon which the execution could be levied, and hence that it would be an idle proceeding to go through with the form of issuing an execution and having the same returned unsatisfied. We do not think said allegation brings the case within any of the exceptions to the general rule above stated. In *Merchants' National Bank* v. *Paine*, 13 R. I. 592, the defendant had absconded, leaving no legal assets which could be attached so that a judgment at law could be obtained against him, and this court held that as legal process was thereby rendered impossible, the reason for said rule failed, and the plaintiff might therefore proceed at once to enforce his claim in equity. In *Gardner* v. *Gardner*, 17 R. I. 751, it was held that if the debtor be dead, the creditor may proceed in equity without first pursuing his legal remedy. In the case at bar the defendant had not absconded, he was not dead, nor is it even alleged that he was insolvent, so as to bring the case within the exception made by those authorities which hold that such an allegation dispenses with the necessity for the issue and return of an execution before proceeding in equity. See cases cited in *Ginn* v. *Brown*, 14 R. I. 524. Nor does the bill allege that

the defendant has conveyed his property to another in fraud of the judgment creditor so as to excuse him from the service of execution.   See *Payne* v. *Sheldon*, 63 Barb. 169.

The plaintiff's remedy at law, then, has not been exhausted, and the case remains in uncertainty, to say the least, as to what would have resulted from the use of an execution if one had been issued.   *National Tradesmen's Bank* v. *Wetmore*, 124 N. Y. 241–248; *Durand* v. *Gray*, 129 Ill. 9; 2 Beach on Modern Eq. Juris. § 893.

The issuing of the execution and the return of the officer thereon that no property or estate can be found to satisfy the same, is the best evidence—in fact, is conclusive evidence—that the plaintiff's remedy at law has been exhausted.   And until this is done the rule is well settled, subject to the exceptions above mentioned and one or two others not pertinent to this case (see 4 Amer. & Eng. Encyc. Law, 575, Note 1), that a court of equity has no jurisdiction.

Demurrer sustained.

*Nathan W. Littlefield & Walter R. Stiness*, for complainant.

*Joseph C. Ely & Herbert Almy*, for respondents.