1834.

Havens
v.
Hussey.

HAVENS & DORR *vs.* HUSSEY and others.

The implied authority, arising from the ordinary contract of copartnership, does not authorize one of the partners, without the assent of his copartners, to make a general assignment of the copartnership effects, to a trustee, for the benefit of creditors, and giving preferences to one class of creditors over another.

October 21.

THIS was an appeal from a decision of the vice chancellor of the first circuit, refusing to dissolve an injunction, and directing the appointment of a receiver. The complainant Elizabeth Havens, and the defendant Abby Hussey, were copartners in a clothing store in the city of New-York, under the name or firm of E. Havens & Co.; and for the purpose of carrying on the business of the firm, they executed a written power, constituting J. Havens, the son of the complainant, and F. G. Macy, one of the defendants, their attornies, with full power and authority for that purpose. The business was carried on by such attornies for about three years, when the firm became insolvent; whereupon the complainant gave to her son a special power to act in her behalf in closing up the concerns of the firm, and a negotiation was commenced between him and Abby Hussey for that purpose. The parties not being able to agree, the defendant A. Hussey, without the consent of her copartner and against the known wishes of her son who was present and attending to her interests, executed an assignment of all the partnership property and effects to the defendants, F. G. Macy and R. G. Folger, in trust, to pay certain favorite creditors in preference to the general creditors of the firm. Whereupon the present bill was filed for the purpose of closing up the concerns of the copartnership; to restrain the assignees from proceeding on the assignment; and for the appointment of a receiver of the property and effects of the firm; so that a rateable distribution thereof might be made among all the creditors, under the direction of the court.

*Elias H. Ely,* for the complainants.

*B. F. Butler & J. Van Buren,* for the defendants.

THE CHANCELLOR. In the case of *Egberts* v. *Wood*, (3 *Paige's Rep.* 517,) I had occasion to refer to most of the cases relative to assignments of partnership effects made by one of the copartners. And I then arrived at the conclusion that, from the nature of the contract of copartnership, one of the partners, during the continuance of the partnership, might make a valid assignment of the partnership effects, or so much thereof as was necessary for that purpose, in the name of the firm, directy to one or more of the creditors in payment of his or their debts ; although the effect of such assignment was to give a preference to one set of creditors over another. But as it was not necessary for the decision of that case, I did not express any opinion as to the validity of an assignment of the partnership effects by one partner, against the known wishes of his copartner, to a *trustee*, for the benfit of the favorite creditors of the assignor ; in fraud of the rights of his copartner to participate in the distribution of the partnership effects among the creditors, or in the decision of the question as to which of the creditors, if any, should have a preference in payment out of the effects of an insolvent concern. The present case presents that point distinctly for the decision of the court. And upon the most deliberate examination of the question, I am satisfied that the decision of the vice chancellor is correct ; that such an assignment is both illegal and inequitable, and cannot be sustained. The principle upon which an assignment by one partner in payment of a partnership debt rests is, that there is an implied authority for that purpose from his copartner, from the very nature of the contract of partnership ; the payment of the company debts being always a part of the necessary business of the firm. And while either party acts fairly within the limits of such implied authority, his contracts are valid and binding upon his copartner. One member of the firm, therefore, without any express authority from the other, may discharge a partnership debt, either by the payment of money, or by the transfer to the creditor of any other of the copartnership effects ; although there may not be sufficient left to pay an equal amount to the other creditors of the firm. But it is no part of the ordinary business of a copartnership to appoint a trustee of all the partner-

ship effects, for the purpose of selling and distributing the proceeds among the creditors in unequal proportions. And no such authority as that can be implied. On the contrary, such an exercise of power by one of the firm, without the consent of the other, is in most cases a virtual dissolution of the co-partnership; as it renders it impossible for the firm to continue its business. The case of *Harrison* v. *Sterry*, (5 *Cranch's Rep.* 300,) which perhaps has gone as far as any other on this subject, was not sustained as an assignment of all the partnership effects to a trustee for the payment of preferred creditors. It professed to be the transfer of a certain specific portion of the partnership property, for the purpose of saving the credit of the firm, and to raise funds to carry on the partnership business. And upon the ground that it was not in fact what it professed to be, but was merely intended to give a preference to particular creditors, the court held the assignment void, as a fraud upon the bankrupt laws. It was only upon the supposition that the assignment was in fact what it professed to be, that Chief Justice Marshall held it to be within the power usually exercised by a managing partner.

It was said, upon the argument, that the assignment now under consideration was at least good for Hussey's share of the effects of the firm. But as it appears the firm was insolvent, she had no interest which could equitably be assigned. And if her legal interest in a moiety of the property passed to the assignees, they hold it subject to the equitable right of the other copartner to have it distributed equally among all the creditors of the firm.

The order appealed from is affirmed, with costs; and the proceedings are to be remitted to the vice chancellor.