## FISHER and others *v.* MURRAY.

An assignment in trust, for the benefit of creditors, cannot be made by two out of three members of an insolvent firm, without consultation with the other partner, where circumstances do not render such consultation impracticable.

The act of assigning the partnership effects *to a trustee,* is distinct from the right of one partner to sell the whole of the joint property in the course of trade, or to transfer it directly to creditors, in the payment of debts.

Although, in respect of the joint property, every partner is seized, not merely to the extent of his own share, but is possessed of the whole, and has an equal voice in the management of the business; he cannot delegate this power to a stranger even in the event of insolvency.

Whether the assignment of the partnership effects and the appointment of a trustee, is such an act as comes within the power of a majority of a firm, even upon consulting the minority, but without the coöperation or assent of the latter; *quere?*

THE papers in this suit have not been found by the reporter, and he has been unable to ascertain the names of counsel engaged in it. The form in which the cause came up to the general term cannot, therefore, be stated; but all the facts essential to an understanding of the points decided and discussed, appear in the opinion. (*a*)

BY THE COURT. DALY, J.—Whether one partner, or any number short of the whole, may make an assignment to a trustee, for the benefit of creditors, except in cases where it is impossible for the others to unite, from absence or other cause, has long been an unsettled question; I do not know, in fact, that the precise point has ever been expressly passed upon. All the cases with which I am familiar, where it has been raised, have been cases in which the assignment was set aside for fraud, or upon the ground that a preference was given to particular creditors; (*Havens* v. *Hussey,* 5 Paige, 30; *Kirby* v. *Ingersoll,* 1 Har. Chan.; *S. C.* 1 Doug. (Mich.) 477; *Dana* v. *Lull,* 17 Verm. 390; *Summerville* v. *McCullough,* 8 Leigh,

---

(*a*) This case was decided in the year, 1850. The opinion was not obtained in time to place the decision in its proper order.

429 ; *Hitchcock* v. *St. John*, 1 Hoff. Chan. R. 511 ; *Whittier* v. *Smith*, 1 Freeman Chan. R. (Miss.) 231 ;) or in which it was upheld from the fact of its having been executed by a partner to whom was entrusted the entire management of the business during the absence of the others. (*Anderson & Wilkins* v. *Tompkins*, 1 Brock. R. 456 ; *Harrison* v. *Story*, 5 Cranch, 289.) In *Robinson* v. *Crowder*, (4 McCord, 519,) the assignment was executed by a majority of the partners resident in London, and included the joint property in possession of the remaining partner, residing in South Carolina ; and though the judge who pronounced the decision of the court in that case was of opinion that it was not essential that the partner in South Carolina should have joined, the point was not before him, the court having declared the assignment invalid upon other grounds. I think, however, that it may now be affirmed that the better opinion is against the exercise of such a right, and that to support an assignment of the whole of the partnership property to a trustee, for the payment of debts, by one partner, or any number short of the whole, it must be shown that it was made under circumstances that rendered it impossible to consult the other partners; or from their acts or declarations, either before or subsequent thereto, it must appear that it was executed with their assent or by their authority.

The powers of the individual members of a partnership are very extensive. As respects the joint property, every member is seized not merely to the extent of his own share, but is possessed of the whole, and has an equal voice in the conduct and management of the business. The power of the whole body resides in every member, each conferring upon the other the right to do whatever he himself may do in furtherance of the common object. Each member, being the agent of the whole, has the right of disposing of all or any part of the partnership effects, for any purpose falling legitimately within the scope of the object for which they have associated together. An absolute sale, therefore, by a single partner, of the entire partnership stock, or a transfer directly by him of all the joint property to creditors in payment of debts, though the act should

Fisher v. Murray.

virtually lead to the dissolution of the firm, is clearly within his powers. (Collyer on Part. 216; Story on Part. 182; Watson on Part. 67; 3 Kent, 40–44; 17 Verm. 390; 1 Met. 518; 1 Hoff. 511; Cowp. 445.)

But the assignment to a third party of the whole of the partnership property in trust, to wind up the concern and discharge its obligations, is an act of a very different character. It is divesting himself and his copartners of all future control over their affairs, and entrusting the entire management of their joint interest to another person. A right to do this cannot be inferred from the nature of the partnership relation. While one partner retains in common with the rest the control and management of the business in his own hands, he may, as before suggested, exercise an unlimited discretion in the sale and disposition of the joint property. He may sell at any price or at any time, or upon any terms, either in the course of trade or in the payment of debts. But this is a power personal to himself, which he cannot delegate to another. In entering into the contract of partnership, the parties confide in the skill, capacity and integrity of each other. They agree to sanction whatever one may do while he is acting in common with them in the management of their joint interest; but it cannot be implied, from the nature of their undertaking, that they have also agreed that any one of their number may surrender up, even in the event of insolvency, the management of their affairs to a stranger. They may have entire confidence in the capacity and integrity of each other, but that confidence cannot be presumed to extend to any person to whom one of their number may see fit to confide the management. It cannot be presumed that they have consented that any one of their body may prescribe the mode in which their affairs shall be wound up, and their interest in the carrying of it out, to a person " of whose fitness or integrity," as Vice Chancellor Hoffman has well remarked, " he is to be the sole judge, in whose selection they are to have no voice." Even in the leading case, which is relied upon in support of the right of a single partner to make such an assignment, (*Anderson & Wilkins* v. *Tompkins*,

1 Brock. 456,) Chief Justice Marshall says, in respect to the absent partner, that "if he had been present he had a right to be consulted;" adding the suggestion, that "if he had been, no doubt he would have been consulted;" that "the act ought to have been, and probably would have been, a joint act." The case was decided upon the ground that the absent partner, by leaving the country, had confided the whole of the business to the partner here, and had consequently authorized him to, do any act, which, in his judgment, the exigency of their affairs demanded. Chief Justice Marshall, however, clearly indicates it as his opinion, that a single partner may make such an assignment, though the other partners are present and acting. He seems to think, that the right necessarily grows out of the partnership relation; and though great respect is due even to the casual opinion of so eminent a jurist, he is not to be followed in a matter which he did not directly pass upon. I confess I find it difficult to reconcile his remark, that one partner has a right to make such an assignment, with his concession that the others have a right to be consulted. It seems inconsistent to hold that it should be a joint act, and yet that one may do it.

I think the error consists in taking it for granted that the right is incident to the partnership relation, and in not sufficiently weighing the distinction which exists between such an act, and the sale or transfer of property directly by one partner while he is engaged with the others in conducting the business. When a partner makes a sale of the entire partnership effects in the course of trade, or transfers the whole of the joint property to creditors in the payment of debts, it is not necessary that the other partners should be consulted. His right to do so is undoubted. The necessity for consulting the others in the case of an assignment, however, grows out of the circumstance that the assignment conveys the property not to creditors directly, but to a trustee. From the fact that the assignment is an act which virtually puts an end to the partnership, which divests the partners of all future control over their affairs, and confides the administration of them to a person who is to act thereafter in their place and stead, a trustee is substi-

tuted for the firm, who, in the sale and disposition of its assets, and in the general winding up of its affairs, exercises a greater or less amount of discretion. It is in the selection of the person to whom so important a trust is to be committed, that all the partners have a right to be consulted, and whose appointment, therefore, must be a joint act. If this be the reason why, in cases of assignment, all should be consulted, or if for any other reason, as the chief justice concedes, it should be a joint act, then the act of one cannot be deemed the act of all, unless it is done in the absence of the others, or under circumstances from which their assent would be necessarily implied.

The practical effect of the exercise of this power by a single partner, is well illustrated by the case, *Kirby* v. *Ingersoll*, (1 Har. Ch. R. 172). In that case, an assignment was made by one partner without the knowledge of the other. When the partner, Kirby, came to the store on the following morning, to attend to his business as usual, he was informed by his copartner, who was in possession as the agent of the trustee, that an assignment had been made, and was denied all access to the books and papers, or any interference with the property of the firm. This assignment was one in which a preference was given to particular creditors ; but in setting aside the assignment, Chancellor Farnsworth went the broad length of declaring, that there was a total want of power in one partner to make an assignment in trust for the benefit of creditors. He says, " The result to which I have arrived, after a review of the leading cases, is, that the power here asserted of divesting one partner entirely of his interest, of appointing a trustee for both, and thus breaking up the concern, is not one of the powers either contemplated or implied in the contract of partnership. One partner does not confer upon his copartner the power of divesting him of all interest in or authority over the concern." The same views, in substance, were expressed by the judge who delivered the opinion of the court upon affirming the judgment of the chancellor upon appeal. (1 Doug. (Mich.) R. 477.)

In the case before us, the assignment was executed by the

majority of the partners, and being so executed, it is urged that it is binding upon the other partner. In the government of the majority, there is a distinction between public and private bodies. (Story on Part. 182.) In the latter, the power of the majority is strictly limited to acts that come within the object for which the association was formed, and they can exercise no power not contemplated in the inception of the contract. They cannot change, abrogate or extend the terms of it. When a diversity of opinion exists as to the conduct and management of the business, or other purpose for which the parties have combined, the opinion of the majority must govern, *provided the minority have been consulted.* (5 Bro. P. C. 489; 6 Ves. 777; Tur. & Rus. 516, 525; 3 Johns. Chan. 400; 3 Kent, 5th ed. 45, and note.)

But in this case, we are not called upon to say whether the assignment of the partnership effects, and the appointment of a trustee, is such an act, or comes within the power of the majority; for the defendant has not set up, in his answer, that the other partner was consulted as to the propriety or necessity of making the assignment. All that appears is the fact of an assignment, executed by two out of three partners. I have perhaps sufficiently indicated my own opinion, but the point is not before us.

Assignment declared void.