WILLIAM LOESCHIGK et al., Appellants, *v.* AMOS F. HATFIELD et al., Respondents.

In the absence of fraud, and where there is no pecuniary consideration for a deed from a father to his daughter, a consideration of natural love and affection may be assumed. A surviving partner has power to assign and transfer the copartnership assets to a creditor of the firm in payment of his debt, although such an assignment operate to give a preference to the assignee over the other creditors of the firm.

(Argued October 4, 1872; decided January term, 1873.) ·

THIS action was brought by the plaintiffs, as judgment creditors of the firm of Addison Brothers (composed of Joseph Addison and Samuel D. Addison), to set aside certain conveyances and transfers of property made by Samuel D. Addison (one in his individual capacity, and the other as survivor of the firm,), as fraudulent and void as against the plaintiffs. (Reported below, 5 Robt., 26.)

The complaint alleged, in substance, that said Samuel, in October, 1857, conveyed certain real estate to his father-in-law, Amos F. Hatfield, for a nominal consideration of $13,000, but in fact for no consideration, and that Hatfield conveyed it to

his daughter, the wife of Samuel, which conveyances were alleged to be fraudulent as to creditors. The complaint also alleged a fraudulent transfer of the partnership assets to Hatfield & Marshall. Defendant answers denying the fraud, and, in substance, admits that the transfer of the real estate was voluntary and intended to pass title to the wife of the said Samuel, retaining more than sufficient property to pay his debts, and that the nominal consideration was inserted in the deed by mistake.

The debts upon which plaintiff's judgments were founded were contracted in 1860.

The firm of Addison Brothers was dissolved by the death of Joseph in 1861. Samuel D., as survivor, transferred the copartnership assets to Hatfield & Marshall, in payment of a debt due them from the late firm. Subsequent to the commencement of the action, Hatfield died, and defendant Richard Addison was substituted. The court found that the deed from Hatfield to his daughter was in consideration of natural love and affection, that there was no fraud in any of the transactions, and that the plaintiffs had no cause of action. *Held*, that it being conceded that the deeds were without pecuniary consideration, and no fraud being shown, the court had a right to assume that the consideration of the deed from Hatfield was natural love and affection; that a voluntary conveyance by Samuel of a portion of his property, he retaining enough to pay his debts, was valid; that Samuel Addison, as surviving partner, had the right to transfer the partnership assets at a fair valuation to one creditor in the payment of a copartnership debt, although the effect was to give such creditor a preference, and that therefore there was no error in the findings or judgment.

*William Watson* for the appellants.

*A. R. Dyett* for the respondents.

HUNT, C., reads for affirmance.
All concur.
Judgment affirmed.