ALFRED NELSON, as Executor, etc, of FRANZ OSCAR ERICSON, Deceased, Respondent, v. SUTHERLAND TENNEY, as Assignee of ALEXANDER D. FINDLAY, Appellant, Impleaded, etc.

*General assignment, with preferences — it cannot be made by a surviving partner without the consent of the representatives of the deceased partner — right of the executor of the latter to have it set aside.*

A surviving partner has no power, without the consent and concurrence of the representatives of the deceased partner, to make an assignment to a trustee for the benefit of the creditors of the firm, by which preferences are created among the creditors.

The question as to whether or not such an assignment can be made with the assent of the representatives of the deceased member, not considered nor decided.

When such an assignment has been made, the executor of the deceased partner may maintain an action to set aside the assignment and procure the appointment of a receiver, by whom the business of the firm may be closed up and its obligations discharged in such manner as will protect the rights of the legal representatives of the deceased.

The question as to whether such an assignment is valid as between the surviving partner and the firm creditors, not considered and not decided.

Appeal from order of the Special Term, appointing a receiver.

*John Lindley*, for the appellant.

*Francis Forbes*, for the respondent.

Davis, P. J.:

This action is brought by Alfred Nelson, as executor of the last will and testament of Franz Oscar Ericson, to set aside an assignment, with preferences made by Alexander D. Findlay to the appellant Tenney. Findlay and Ericson were copartners, carrying on the business of tailors in the city of New York, under certain articles of partnership a copy of which is annexed to the complaint. On the 22d of June, 1884, Ericson died, leaving Findlay him surviving, and leaving a last will and testament which nominated the plaintiff Alfred Nelson as executor, and which was subsequently probated and letters testamentary thereon were duly issued to the plaintiff. Findlay as surviving partner continued in

possession of the store and the stock in trade, and managed and carried on the business for the purpose of disposing of the stock and collecting the debts owing to the firm until the 20th day of August, 1884, at which time he made an assignment to the appellant Tenney without consultation with the executor and without his consent. The assignment prefers two creditors of the firm in the sum of about $4,500, and directs that after their payment the surplus in hand be applied to the payment of the other debts of the firm ratably to their several amounts. The appellant accepted the trusts of the assignment, and took possession of the property. The appellant demurred to the complaint, and the order appealed from was made upon the pleadings and upon affidavits.

Two questions have been argued on this appeal: First. Whether the surviving partner of a firm has power to make an assignment of the firm assets to a trustee creating preferences among the creditors; and, secondly, whether the executor or administrator of a deceased partner can maintain an action to set aside such an assignment.

As to the first of these questions we are of opinion upon a careful examination of the authorities, that a surviving partner has no power without the consent and concurrence of the representatives of the deceased partner, to make an assignment to a trustee for the benefit of the creditors of the firm and to create preferences among the creditors by such an assignment. Whether it can be done with such assent is a question not now before us. It is undoubtedly true that a surviving partner takes *by virtue of his title as partner* the assets of the firm with authority for the purpose of closing up the affairs of the partnership, to sell and dispose of or collect the same, and convert them into money and apply the same in payment of the partnership debt (Collyer on Part., §§ 123–129; 3 Kent, 37; 1 Pars. on Cont., 183; Story on Part., § 346); and in doing this he has the right, in the exercise of his discretion, to pay the debts of the firm in full or in part in such order as he shall deem just and equitable although his doing so may operate to give preferences to the creditors whom he thus pays. That this is the law must be regarded as settled in this State by *Loeschigk* v. *Hatfield* (51 N. Y., 660; reported below, 5 Robt., 26; *Loeschigk* v. *Addison*, 19 Abb. Pr., 169); and *Cushman* v. *Addison* (52 N. Y., 628).

In doing this he is acting in pursuance of the authority existing in him as surviving partner. He is liable, both as surviving partner and individually, for all the partnership debts, and his right to the possession and control of. the property for the purpose of paying and extinguishing the copartnership debts entitles him to the exercise of his own discretion in the application of the assets or other proceeds for that purpose. (*Egberts* v. *Wood*, 3 Paige, 517.) He is no more a trustee in any strict sense of that term for the creditors of the firm, than is any other debtor for his creditors, and their remedies against him in the collection of the debts of the firm are precisely the same as those which existed against the firm prior to its dissolution by the death of one of its members. But as between him and the representatives of the deceased partner a clear and well defined trust exists which devolves upon him duties and obligations in respect of the disposition and application of the assets of the firm and their proceeds which equity recognizes, and when abused or evaded, will interpose to enforce. The duties of that trust are not such that they cannot be performed by agents, servants or attorneys acting under his control or direction. He may, therefore, employ clerks and attorneys and authorize them to act for him and on his behalf in performing those duties precisely as the firm might have done for the purpose of closing its affairs. But it is a very different question whether he can by an assignment of the property of the firm transfer the trust to another trustee in the manner attempted to be done in this case, imposing upon that trustee duties which operate as preferences among the creditors of the firm and over which the surviving partner has no control. Such an act is an entire abnegation of the duties of the trust existing between himself and the representatives of the deceased partner, and if it be attempted to be done without the consent of such representatives, equity will, we think, step in to prevent the consummation of the attempt and take possession of the property through its receiver for the purpose of distribution among the creditors in such manner as shall be just and equitable. The plaintiff in this case is the sole representative of · the deceased partner as executor of his last will and testament. He shows that the assignment by the surviving partner was made without consultation with him, and without his knowledge or assent; and that he has transferred the

entire remaining assets of the firm to the appellant, and thereby sought to transfer to him the duties of the trust existing between the surviving partner and the executor. In such a case we think a court of equity has a clear right to intervene and, by the appointment of a receiver, proceed to close up the business of the copartnership and discharge its duties in such manner as will protect the rights of the legal representatives of the deceased partner. This must be the result, we think, springing out of the general rule as laid down by Mr. Justice STORY, in Story on Partnership (§ 344), where he says, after speaking of the general powers of receivers: " However, if there be any danger of abuse or positive misapplication of funds by the surviving partner, a court of equity will interpose and restrain it by injunction, and even appoint a receiver, upon the application of the representatives of the deceased."

The surviving partner, being a trustee for the settlement of the estate as between himself and the personal representatives of the deceased partner, cannot pass his whole duty over to another trustee without the consent of such representatives; and the attempt to do that is in our judgment, such an abuse of his powers and duties as justifies the representatives of the deceased partner in applying to a court of equity to take possession of the estate by a receiver. It is an attempt to escape from his obligations as a trustee for such personal representative.

In disposing of this appeal we are not called upon to pass, and therefore do not pass upon the question whether such an assignment is valid as between the surviving partner and the creditors of the firm. That question depends upon other principles; and, besides no such creditor is a party to this action, and the plaintiff does not represent such creditors. We think, however, enough was shown in this case to justify the court below in making the order appealed from appointing a receiver; and, therefore, the order should be affirmed, with the usual costs to abide the event of the suit.

DANIELS, J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Order affirmed, with ten dollars costs and disbursements, to abide the event of the suit.