HENRY BESTE *et al.*, Appellants, *against* HENRY S. BURGER *et al.*, Respondents.

(Decided December 7th, 1885).

After the death of one member of an insolvent co-partnership, an assignment of the co-partnership property for the benefit of creditors, with preferences, made by the surviving partners with the assent of the personal representatives of the deceased partner, may be valid, both as between the surviving partners and the creditors of the firm, and the surviving partners and the personal representatives of the deceased partner.

One of the members of a co-partnership died, leaving a will, in which he named, as executors, one of his co-partners and another person; but the latter did not qualify as executor, and the co-partner named became the sole acting executor. After his death, and before the executor had qualified as such, the surviving partners, the firm being insolvent, made a general assignment for benefit of creditors, with preferences to a large amount. The partner named as executor united with the other surviving partners in the execution of the assignment, and the person named as his co-executor, but who did not qualify, advised and approved the assignment. *Held*, that upon these facts, the consent and sanction of the personal representatives of the deceased partner were sufficiently shown to sustain the assignment; and that their action in approving the assignment by the surviving partners was not in excess of their powers as executors, notwithstanding the statutory restriction (2 R. S. 71 § 16),

that no executor named in a will, shall, before letters testamentary are granted, have power to dispose of or interfere with the estate of the testator.

An assignment by co-partners for the benefit of their creditors is not rendered invalid, by a provision authorizing the assignee to sign the co-partnership name to checks, drafts, etc., where, by the terms of the assignment, this can only be done when it is necessary to carry into effect the object, design, and purpose of the trust, and where such power can only be used in the interest of the estate and of the creditors.

The rule that a declaration of a grantor, made after his conveyance, cannot be given in evidence against the interests of a third party under it, applies to admissions by assignors in an assignment for benefit of creditors, of fraudulent acts on their part tending to vitiate the assignment.

APPEAL from a judgment of this court entered upon the decision of the judge upon a trial by the court without a jury.

The facts are stated in the following opinion of the judge before whom the case was tried at the Special Term.

ALLEN, J.—This is an action in the nature of a creditors' bill, brought by the plaintiffs, who are judgment creditors of the defendants Burger, Hurlbut and Healy, against the said defendants Burger, Hurlbut and Healy and Frank H. Platt, to set aside an assignment dated the 11th day of September, 1884.

The defendants, Burger, Hurlbut and Healy, and one John A. Livingston, were co-partners, carrying on business in the city of New York, under the firm name of Burger, Hurlbut & Livingston. On the 1st day of September, 1884, Livingston died, leaving the said Burger, Hurlbut and Healy, his survivors, and leaving a last will and testament, which named the defendant, Healy, and one Davison, as executors. The will was probated on the 15th of November, 1884, and letters testamentary granted and issued to the said defendant Healy. The co-executor, Davison, did not qualify, and Healy became, and has always been, the sole acting executor.

On the 11th day of September, 1884, the surviving partners, to wit, the defendants Burger, Hurlbut and Healy,

made a general assignment to the defendant Frank H. Platt, in trust for the payment of the debts of the said firm of Burger, Hurlbut & Livingston, and the individual debts of the said firm of Burger, Hurlbut and Healy. The assignment contains preferences to a large amount, and provides that, after the payment of the preferred creditors, the surplus remaining shall be applied to the payment of the other co-partnership debts, ratably to their several amounts. The defendant Platt accepted the trust, and has since continued to act as assignee.

The judgments of the plaintiffs were recovered against the defendants, Burger, Hurlbut and Healy, as surviving partners of the said firm, on the 11th and 21st days of November, 1884, and executions on said judgments have been issued to the sheriffs of the counties in which the judgment debtors resided, and have been returned wholly unsatisfied.

It is claimed by the plaintiffs that the said assignment was made by the assignors with intent to hinder, delay and defraud their creditors, including the plaintiffs, and to prevent and delay the application of their property and effects and the property and effects of the said firm to the payment of the indebtedness to the plaintiffs, and that said assignment was and is fraudulent, null and void, and that the said assignment is also illegal, fraudulent and void, for the reason that the said surviving partners had no lawful authority, power or right to make the said assignment. The insolvency of the firm was admitted. The plaintiffs introduced no evidence on the trial, but rested their case upon the admissions in the several answers.

The question whether a general assignment made by the surviving partners of an insolvent firm for the benefit of creditors, with preferences, is, in judgment of law, fraudulent and void, is, as I understand, the principal question presented for decision.

It has recently been held by the General Term of the Supreme Court in this department, in the case of *Nelson* v. *Tenney* (36 Hun 327), that the survivors of a co-partnership, dissolved by the death of a partner, have no power to

make an insolvent assignment with preferences, without the consent and concurrence of the representatives of the deceased partner. In that case, the court says: "We are of opinion, upon a careful examination of the authorities, that a surviving partner has no power, without the consent and concurrence of the deceased partner, to make an assignment to a trustee for the benefit of the creditors of the firm, and to create preferences among the creditors by such assignment; whether it can be done with such assent is a question not now before us. The surviving partner being a trustee for the settlement of the estate as between himself and the personal representatives of the deceased partner, cannot pass his whole duty over to another trustee without the consent of such representatives. In disposing of this appeal we are not called upon, and therefore do not pass upon the question whether such an assignment is valid as between the surviving partners and the creditors of the firm."

We are to consider, therefore, whether an assignment made with the assent of the personal representatives of the deceased partner is valid, as between the surviving partners and the creditors of the firm, and the survivors and the personal representatives of the deceased partner, and if we hold that such an assignment is valid, whether or not this assignment had such authority from the personal representatives of the deceased partner, Livingston, as the law, as laid down in *Nelson* v. *Tenney*, requires. It is true that the firm of Burger, Hurlbut & Livingston, was dissolved on the 1st day of September, 1884, by Livingston's death, though the partnership may be said to have had a limited continuance for the purpose of settling the co-partnership affairs, and until that purpose is accomplished. It is a very clear proposition that, when a partnership is dissolved, "it is not dissolved with regard to things past, but only with regard to things future" (*Wood* v. *Braddick*, 1 Taunt. 104). Upon the death of Livingston all the assets of the co-partnership became vested in and belonged to the surviving partners, and they possessed the sole and exclusive right to their administration. The legal title was theirs, with all its incidents,

and they were liable for all debts of the firm. It is contended, on behalf of the plaintiffs, that the survivors have their possession and title as trustees for the creditors of the firm, and that, being such trustees, they could not transfer the execution of their trust to another. It is true that the survivors of a partnership have been called in some of the cases trustees for the creditors of the partnership, but there is nothing in the relation resembling a trust. The survivors have acquired the partnership property and have become liable for all the partnership debts. Their relation to each other is that of debtor and creditor, and no other. In *Nelson* v. *Tenney* (*supra*), the court says that "the surviving partners are no more trustees, in any strict sense of that term, than are any other debtors for their creditors." In *Knox* v. *Gye* (L. R. 5 H. L. 656), Lord WESTBURY says: "The surviving partner is often called a trustee, but the term is used inaccurately, he is not a trustee either expressly or by implication. On the death of a partner the law confers on his representatives certain rights as against the surviving partner, and imposes upon the latter corresponding obligations. The surviving partner may be called, so far as these obligations extend, a trustee for the deceased partner, but when these obligations have been fulfilled or are discharged or terminated by law, the supposed trust is at an end."

The surviving partners have, it is true, duties and obligations to the representatives of the deceased partner in respect to the management and application of the assets of the firm and their proceeds, which equity recognizes; these duties and obligations resemble a trust, but they do not create a trust relation of that strict character that would prohibit the assignment by the surviving partners of the assets of the partnership to a trustee for the benefit of the creditors of the firm, with preferences, with the approval and assent of the representatives of the deceased partner; as to any surplus after the payment of the partnership debts, the survivors would, without doubt, stand as trustees for the representatives of the deceased partner to the extent of his in-

terest. That the approval and assent before mentioned is necessary to a valid assignment with preferences seems to be decided by the cases cited below and by the case of *Nelson* v. *Tenney* already quoted.

We are of opinion, therefore, that the survivors became the owners of the co-partnership property, subject to the duty to settle the affairs of the partnership and their obligations to the estate of their deceased partner to the extent of his interest. The right to transfer property is incident to the possession of the legal title.

That the survivors may do this in their discretion, to pay the debts of the firm in full or in part, although preferences are created, has been decided in *Egberts* v. *Wood* (3 Paige 515); *Loeschigk* v. *Hatfield* (51 N. Y. 660); *Hutchinson* v. *Smith* (7 Paige 26); *Cushman* v. *Addison* (52 N. Y. 628).

In *Egberts* v. *Wood*, the chancellor says (referring to preferences), "the administrator has no interest in the question as to what debts shall be paid first, in case the partnership effects are insufficient to pay the whole, and the legal right being vested in the survivor, he alone has the right at law to determine the question."

Authorized as the surviving partners are by the settled law of this state to dispose of the partnership property with unrestricted power, to create preferences as they see fit, or to assign the whole of the partnership directly to a creditor in payment of a debt, it would seem to follow that a court of equity would sustain a transfer of the whole property on a trust that it should be distributed by a trustee, provided such transfer is made with the assent of the personal representatives of the deceased partner.

There are two cases in the reports of this state which hold that the surviving partners of an insolvent firm have the power to make a general assignment for the benefit of creditors, with preferences, with the consent of the representatives of the deceased partner, and I have not been able to find any case in our courts which maintains the contrary doctrine. In *Egberts* v. *Wood* (3 Paige 517, which was a case where one of the surviving partners made an assign-

ment with preferences, with the consent of the other survivor and the assent of the administrator), the chancellor says: "If the partners, after a voluntary dissolution of the firm, may give such preferences, I see no reason to prevent the surviving partners, upon the dissolution of a firm upon the death of one of the members thereof, giving a similar preference with the consent of the personal representatives of the decedent."

In *Hutchinson* v. *Smith* (7 Paige 26), the vice-chancellor says : " As surviving partner, he (Phelps), had a legal title to the partnership effects, and in equity he is considered trustee to pay the partnership debts and dispose of the effects of the concern for the benefit of himself and the estate of his deceased partner; clothed with the legal authority to dispose of the partnership effects, it follows that the exercise of that authority would be sustained in equity if the disposition be for the common benefit of himself and the estate of his deceased partner.    This principle is established in the case of *White* v. *The Union Ins. Co.* (1 Nott & McCall 556), where the assignment made by a surviving partner was held valid."

The vice-chancellor's decision in the case was affirmed by the chancellor.   It is true that the facts upon which these cases were decided occurred prior to the revision of the statutes in 1830, and in the latter case the chancellor calls attention to that fact, and while sustaining the right of a surviving partner to make a general assignment with preferences at common law, is inclined to think that the principles adopted by the Revised Statutes in reference to preferences in the distribution of the estate of a deceased person, and the statute depriving insolvent debtors of the benefit of the insolvent laws, where they have given preferences after insolvency, ought to be applied to surviving partners, who, being insolvent, attempt (even with the consent of the personal representatives of the decedent), to make a general assignment of the property of the partnership for the benefit of favorite creditors, to the exclusion of others whose claims are equally meritorious.   Notwithstanding the doubt

expressed by the chancellor in this case, I do not understand that it is claimed on the part of the plaintiffs that the statute which prescribes the order of the payment of the debts of deceased persons, or the statute in relation to the discharge of insolvent debtors, has any application to general assignments for the benefit of creditors.

We come now to consider whether or not this assignment was made with the knowledge, consent and concurrence of the representatives of the deceased partner Livingston. Healy and Davison were named in the will as executors. Mr. Davison never qualified; Healy joined in the execution of the assignment as one of the assignors, and by so doing gave his express assent to it.

*In Hutchinson* v. *Smith (supra)*, the vice-chancellor says : " Cuyler, one of the defendants, is both assignee and administrator. His assent is therefore presumed." Mr. Healy, moreover, has testified that at the time of the making the assignment he knew he was appointed executor under Mr. Livingston's will, and that he approved of the assignment.

He has also testified that Davison, the executor who did not qualify, advised and approved of the assignment. Healy, afterwards, on the probate of the will, qualified as executor, and has answered in this action, defending the assignment.

It is claimed that as Healy had not qualified at the time the assignment was executed, and was not executor, he had no power to concur in the assignment. Even if that is so, this approval of the assignment being within his authority if he had been qualified as executor, the letters testamentary would relate back to the death of his testator and legalize his intermediate acts.

In these facts I think there is sufficient to show that the assignment was made with the consent and sanction of the personal representatives of the deceased partner. I do not think that the statute (2 R. S. 71 § 16), presents an obstacle to this assignment, as claimed by the plaintiffs. Mr. Healy's act in executing the assignment was as assignor, not as executor. All he did as executor was to approve of an assignment by the survivors of an insolvent firm.

Beste v. Burger.

It was not in his power as executor to dispose of any part of the property embraced in the assignment or to interfere with it, for the reason that he had not, as executor, any title to or possession of any of the property named in the assignment.

The assets of the partnership passed to the survivors on the death of Livingston.

It is further claimed on the part of the plaintiffs that the assignment ought not to be upheld by the court on account of the preferences contained in it.

Voluntary general assignments by failing debtors for the benefit of their creditors are authorized by law, and even when preferring individuals or classes among the beneficiaries, are valid. It is true that preferential assignments are not favored by the courts, but the law tolerates them.

There is no evidence in this case tending to show that any fraud was intended by the assignors in creating the preferences.

I do not think that the assignment is invalid because it authorizes the signing of the partnership name to checks, drafts, etc., because, by the terms of the assignment, this can only be done when it is necessary to carry into effect the object, design and purpose of the trust. This power can only be used, therefore, in the interest of the estate and of the creditors.

For the reasons above stated, I think the defendants are entitled to judgment that the complaint be dismissed on the merits, with costs.

Upon the decision rendered in accordance with this opinion, judgment for defendants was entered dismissing the complaint on the merits, with costs. From the judgment plaintiffs appealed.

The printed case upon the appeal showed that a witness on behalf of plaintiffs testified that two of the defendants made statements to him with reference to the amount of moneys drawn from the firm by one or more of the parties at or about the time of making the assignment; and that

he was thereupon asked, by plaintiffs' counsel, the following question:

" *Q.* Please state what they said upon the subject of any drafts from the concern by any of the partners at or about the time of the making of the assignment."

This question was objected to by defendants on the ground that it was an attempt to introduce admissions of a grantor made after the execution of the deed. The objection was sustained, and an exception to the ruling was taken by plaintiffs' counsel, which is referred to in the following opinion as the exception at folio 141.

*Frederick R. Coudert* and *Paul Fuller*, for appellants.— The court erred in excluding evidence of the defendants' fraudulent acts. There can be no more competent proof of a defendant's acts than his own sworn admissions (*Marvin* v. *Richmond*, 3 Denio 58; *Williams* v. *Sargeant*, 46 N. Y. 482; *Cook* v. *Barr*, 44 N. Y. 158; *Wright* v. *Nostrand*, 94 N. Y. 41). The evidence thus excluded was material to show that the assignment was fraudulent (*Valentine* v. *Sulzbacher*, N. Y. Daily Reg. Nov. 22d, 1884; *White* v. *Fagan*, 18 N. Y. Weekly Dig. 358; *Shultz* v. *Hoagland*, 85 N. Y. 464).

The evidence introduced to show concurrence in the assignment by the representatives of the deceased partner was wholly inadmissible. The assignment itself was in writing, as required by law, and was the best evidence on the subject. The inquiry was not as to any act or declaration of the witness from which the court might form a judgment as to whether it constituted the " concurrence " required, but merely as to the operation of his mind,—and that in a representative capacity (*Brown* v. *Champlin*, 66 N. Y. 221; *Waugh* v. *Fielding*, 48 N. Y. 681). The only case which seems to give any sanction to the presumption of assent on the part of the legal representative is that of *Hutchinson* v. *Smith* (7 Paige 26). In that case, however, the personal representative was not, as in the present case, one of the assignors, but one of the assignees.

The rights of the plaintiffs were vested and secured as of the day when judgment was recovered and execution issued, before the date of the letters testamentary; and no act of defendants subsequent to that day can divest these rights. All that is required to give a creditor right to the assistance of a court of equity in setting aside an assignment which obstructs the collection of his claim, is, as to real estate, that he shall have entered judgment, and as to personal property, that he shall have issued execution (*Brinkerhoff* v. *Brown*, 4 Johns. Ch. 676; *Beck* v. *Burdett*, 1 Paige 308; *Mohawk Bank* v. *Atwater*, 2 Paige 57; *Bishopp* v. *Halsey*, 3 Abb. Pr. 406; *Chatauqua County Bank* v. *White*, 6 N. Y. 252; *Crippen* v. *Hudson*, 13 N. Y. 166; *Payne* v. *Sheldon*, 63 Barb. 172; *McElwain* v. *Willis*, 9 Wend. 549).

Granting that a full concurrence by Healy was shown, it was ineffectual. Davison should have concurred (*Nelson* v. *Tenney*, 36 Hun 327). Healy not having qualified as executor, and not having received letters testamentary, had only qualified powers under the statute, and had not the power to concur in any act disposing of the estate of his testator (3 R. S. 7th ed. 2289, § 16; *Thomas* v. *Cameron*, 16 Wend. 583; *Humbert* v. *Wurster*, 22 Hun 406; *Bellinger* v. *Ford*, 21 Barb. 316). As executor, he had no right to concur in an assignment which gave preferences to some creditors of the decedent over others (3 R. S. 7th ed. 2298, 2299, §§ 27, 28; *Hutchinson* v. *Smith*, 7 Paige 26).

Upon the question whether surviving partners can make a valid general assignment, even with the full consent of the personal representatives of the deceased partner, the learned judge below relies, as authority for disposing of the question in favor of the power to assign, upon two chancery cases: *Egberts* v. *Wood* (3 Paige 517), and *Hutchinson* v. *Smith* (7 Paige 26). In *Egberts* v. *Wood*, it does not appear that the assignment was a general assignment of all the partnership property for the benefit of creditors. All the cases cited by the chancellor were cases in which assignments had been made directly in payment of a debt,

with the exception of *Harrison* v. *Sterry* (5 Cranch 300), and that case was an assignment of certain specified securities to an assignee for certain particular creditors in payment of their claims, and to secure from them a continuance of credits to prevent a failure. The purport and extent of the decision in *Egberts* v. *Wood* is explained in *Havens* v. *Hussey* (5 Paige 30), and *Mabbett* v. *White* (12 N. Y. 454). In *Hutchinson* v. *Smith* (7 Paige 26), the vice-chancellor relied upon the cases of *Harrison* v. *Sterry* (*supra*), and *White* v. *Union Ins. Co.* (4 Nott & McC. 553). *Harrison* v. *Sterry* involved only a special assignment of particular securities, and *White* v. *Union Ins. Co.* relies wholly on the supposed authority of *Harrison* v. *Sterry*, which does not apply to a general assignment of all the partnership effects. Moreover, the doctrine that the authority of each co-partner to act for the others extends to the making of a general assignment, is distinctly repudiated in *Havens* v. *Hussey* (*supra*), and in *Hitchcock* v. *St. John* (1 Hoff. 518). It was emphatically condemned by this court in the leading case of *Fisher* v. *Baker* (1 E. D. Smith 342), and by the Court of Appeals in *Welles* v. *Marsh* (30 N. Y. 344). Lastly, the decision of the vice-chancellor was not followed by the chancellor, but the bill was dismissed on the technical ground that it was not properly framed. See also MS. opinion of the Court of Appeals, in *Loeschigk* v. *Hatfield* (reported in mem. 51 N. Y. 660).

In discussing the proposition on principle, the main element must be the relation of the survivors to the representatives of the deceased and to the creditors of the dissolved firm. The court below relies solely upon the language of Lord WESTBURY in *Knox* v. *Gye* (5 H. L. Cas. 656; 4 Moak Eng. 60), which is quoted in the opinion. This language is not repeated or approved by any other of the Lords who addressed the House, and is pointedly disapproved by the Lord Chancellor HATHERLY. On the other hand, the cases are numerous in our courts holding that survivors are trustees in the strict sense of the term (*Hooley* v. *Gieve*, 9 Daly 110, affirmed in 82 N. Y. 625; *Case* v. *Abeel*, 1 Paige

398; *Loeschigk* v. *Hatfield*, 5 Robt. 30, affirmed 51 N. Y. 600; *Cable* v. *Williams*, 59 Md. 52; *Salisbury* v. *Ellison*, 7 Colo. 168-9; Parsons on Partnership, 442-3; *Hoyt* v. *Sprague*, 103 U. S. 624, 625; *Fitzpatrick* v. *Flannagan*, 106 U. S. 656; Story on Partnership, §§ 347, 362).

The preponderance of authority is overwhelming that the survivors are trustees for all those beneficially interested, for the deceased co-partner and for the creditors; that it is their strict duty to collect the assets and distribute them ratably among those entitled to them, and that any attempt on their part by a general assignment to divest themselves of their title to the firm property and vest it in another, to delegate their trust and shirk its responsibilities, is a void act which the law will not recognize.

*W. W. McFarland*, for respondents.—As a general proposition, assignments for the benefit of creditors, with preferences, are not unlawful. The common law, and the statute of 13th Elizabeth, which formulated and enacted that law, made void all fraudulent conveyances by a debtor as against his creditors (Twyne's Case and notes, 1 Smith Lead. Cas. 33; *Sexton* v. *Wheaton*, 1 Am. Lead. Cas. 17; *Grover* v. *Wakeman*, 11 Wend. 187). But neither the common law nor any statute imposes any restriction upon the distribution by a debtor of his assets among his creditors, with preferences. The law only commands that he should not make a fraudulent disposition of them. And it has been the settled law of this state since the case of *Grover* v. *Wakeman* (11 Wend. 187; 1 Am. Lead. Cas. 71), that a debtor may assign his property to a trustee for distribution among his creditors in a specified order of priority.

Surviving partners may lawfully make an assignment for the benefit of creditors with preferences. If they have the power to make an assignment at all, the right to prefer is a mere incident of that power. The executor of a deceased partner has no interest in the question as to what debts shall be paid first, in case the partnership effects are insufficient to pay the whole. The legal right being vested in the

survivor, he alone has the right at law to determine this question (*Hutchinson* v. *Smith*, 7 Paige 26). Moreover, that question could only be raised by the personal representative himself, not by a volunteer (*Haines* v. *Brooks*, opinion of VAN VORST, J., Supreme Court, Special Term, September, 1885).

The only question, therefore, raised by this appeal is, whether surviving partners, with the assent of the personal representative of a deceased partner, may make a valid assignment for the benefit of creditors. The right to prefer creditors is in no wise involved (2 Lindley on Partnership 654; *Ocean Nat. Bank* v. *Olcott*, 46 N. Y. 12; *Egberts* v. *Wood*, 3 Paige 519; *Dunlevy* v. *Tallmadge*, 32 N. Y. 459; *Beck* v. *Burdett*, 1 Paige 305. To the same general effect are *Wiggins* v. *Armstrong*, 2 Johns. Ch. 144; *Moran* v. *Dows*, 1 Hopk. 365; *Brinkerhoff* v. *Brown*, 4 Johns. Ch. 671; *M'Dermutt* v. *Strong*, 4 Johns. Ch. 687). And in the recent case of *Nelson* v. *Tenney* (36 Hun 327), the court say that the surviving partner is no more a trustee, in any strict sense of that term, for the creditors of a firm, than is any other debtor for his creditors. Therefore, in considering the right of surviving partners to make an assignment for the benefit of creditors, it is necessary to put quite one side all the rules and doctrines of law relating to liens and trusts, for they are inapplicable and constitute no impediment whatever (*Knox* v. *Gye*, L. R. 5 H. L. Cas. 656; 4 Moak Eng. 60). The right of surviving partners to make an assignment for the benefit of creditors, with preferences, with the assent of the representative of the deceased partner, is perfectly well settled by the decisions in this state and elsewhere (*Grover* v. *Wakeman*, 11 Wend. 187; 1 Am. Lead. Cas. 71; *White* v. *Union Ins. Co.*, 1 Nott & M. 556; 9 Am. Dec. 726; *Egberts* v. *Wood*, 3 Paige 517; *Hutchinson* v. *Smith*, 7 Paige 26; *Loeschigk* v. *Hatfield*, 5 Robt. 29; 51 N. Y. 660; Bishop on Insolvent Debtors § 146).

The objection to the assignment on the ground of the absence of assent on the part of the personal representative of the deceased partner is without foundation, because the

assent is established. And as to the suggestion that the assignment was made before Mr. Healy qualified, and that he could not assent before he had qualified, the fallacy of this is pointed out by the learned judge at Special Term. Moreover, when letters testamentary are granted, they relate back to the death, validating all acts which the executor had done in anticipation of the issue of letters (Williams on Executors 554).

LARREMORE, J.—The opinion of the judge at Special Term covers all the points raised upon the appeal, save the exception referred to at folio 141 of the case.

I fully concur in that opinion, and it is unnecessary to reiterate what has already been fully expressed.

The exception at folio 141 is not well taken, and the case of *Williams* v. *Sargeant* (46 N. Y. 482) is not in point. In that case, the witness was recalled, and allowed to testify to a fact that was seemingly inconsistent with his former testimony. This was held to be no error ; it went to his credibility. But I know of no case in opposition to the well settled principle that a subsequent declaration of a grantor, after his conveyance, cannot be given in evidence against the interest of a third party.

I think that the judgment appealed from should be affirmed, upon the opinion of the court below.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed.