WILLIAM ENGEL *vs.* DEXTER S. BAILEY and JOSEPH H. PARKER, and Trustees.

JOSEPH S. WHEELWRIGHT, and others *vs.* SAME.

Piscataquis. Opinion October 25, 1889.

*Insolvency. Jurisdiction. Partnership petition. R. S., c. 70, § 57.*

When one of two members of a partnership, by direction of his co-partner, files in the court of insolvency a petition signed in the name of the firm, no notice on the other copartner is necessary to give jurisdiction to the court.

FACTS AGREED.

The principal defendants, copartners in business at Milo, Piscataquis county, were adjudged insolvents, upon a petition in the name of the firm, Bailey & Parker, but signed by Parker only, and filed on the 12th day of August, 1887. A warrant was issued upon said petition without notice to Bailey of the pendency of the petition. Bailey has never appeared either by himself or attorney in any of the proceedings, and has never been cited to appear. Parker has been granted his discharge. The trustees are the assignees of the estate of the insolvents ; and have paid out about $800.00 priority claims but no general

dividend has been declared. It was admitted that a witness would testify, if admissible, that Bailey verbally directed Parker, his copartner, to sign the firm name to the petition in insolvency. In the first case, the plaintiffs did not appear in the insolvent court, or prove their claim; in the second case, the plaintiffs did appear and objected to Parker's discharge. The court was to enter judgment according to the rights of the parties.

*C. A. Bailey*, for plaintiffs.

Court of insolvency being of limited jurisdiction, not proceeding according to the course of common law, its proceedings are void, if contrary to law. *Smith* v. *Rice*, 11 Mass. 506, 513; *Peters* v. *Peters*, 8 Cush. 529, 543. Failure to give notice is not an irregularity merely; it is fundamentally fatal. The error may be taken advantage of in a collateral proceeding where it arises in courts of special and limited jurisdiction. *Peters* v. *Peters, supra*. This may be done, notwithstanding the supervisory jurisdiction of this court under R. S., c. 70, § 13, the proceedings being a nullity.

Consent cannot give jurisdiction. *Bearce* v. *Bowker*, 115 Mass. 129. Wheelwright not estopped by having proved his claim;— that is a nullity as well as the proceedings. Counsel also cited: *Clarke* v. *Minot*, 4 Met. 346; *Thompson* v. *Snow*, 4 Cush. 121; *Thompson* v. *Thompson*, Id. 127; *Com.* v. *Martin*, 130 Mass. 465, 467; *In re Brown's Trusts*, L. R. 5, Eq. 88; *Merriam* v. *Sewall*, 8 Gray, 316; *Segars* v. *Segars*, 76 Maine, 96.

*Henry Hudson, J. B. Peaks*, with him, for trustees.

Counsel cited: Hamlin's Insolvent Law, pp. 91 and 92; Bump's Bankruptcy, pp. 497-8; *Thompson* v. *Thompson*, 4 Cush. 127, 133; Mass. Insolvent Law 1878 and prior; *Hanson* v. *Paige*, 3 Gray, 239; *Judd* v. *Gibbs*, Id. 539; Kent's Com. 6th ed., vol. 3, p. 44, note *b; Hitchcock* v. *St. John*, 1 Hoffman Chan. 514; *Havens* v. *Hussey*, 5 Paige Chan. 29; *Egbert* v. *Wood*, 3 Paige Chan. 517; *Hodges* v. *Harris*, 6 Pick. 359, 361; *Pike* v. *Bacon*, 21 Maine, 280, 287; *Merrill* v. *Wilson*, 29 Maine, 58, 59; *Nutting* v. *Ashcroft*, 101 Mass. 300; *O'Neil* v. *Glover*, 5 Gray, 144, 156; *Merriam* v. *Sewall*, 8 Gray, 316, 322; *Winchester* v. *Thayer*, 129

Mass. 129, 133; *Cady* v. *Shepherd*, 11 Pick. 400; *McIntyre* v. *Park*, 11 Gray, 102, 106; *Swan* v. *Stedman*, 4 Met. 548; *Holbrook* v. *Chamberlin*, 116 Mass. 155, 161; *Fogler* v. *Clark*, 80 Maine, 237, 241; *Cobbossee Natl. Bank* v. *Rich*, 81 Maine, 164, 170; R. S., c. 70, § 13; *Farris* v. *Richardson*, 6 Allen, 118.

VIRGIN, J. The principal defendants in each of these cases were copartners doing business in the firm name of Bailey & Parker.

In August, 1887, Parker, by the direction of Bailey, filed a petition in insolvency in the court of insolvency, signed in the name of the firm. A warrant thereupon issued without any official notice on Bailey, and the persons named as trustees in this action were appointed assignees of the estate.

The assignees received several hundred dollars of assets from which they paid out about $800 on claims entitled to priority.

In Engel's case, the plaintiff did not appear or prove his claim, but after the priority claims had been paid, he sued on his claim by this trustee process and summoned the assignees as trustees who disclosed the sum of $452.27 in their hands.

In Wheelwright's case the plaintiffs did appear, filed and proved their claim and objected to Parker's discharge.

The plaintiffs, in both actions, now claim that the assignees shall be charged on the ground that, as no notice was given to Bailey prior to the issuing of the warrant, the court of insolvency had no jurisdiction, which objection is collaterally open to them in their respective actions against the firm.

The statutory provision on which the objection to the jurisdiction is based, provides: "Either partner may file his petition" containing certain specific averments, "but no warrant shall issue until such notice as the judge directs has been given to the remaining partners." R. S., c. 70, § 57.

"Notice to the remaining partners" is predicated only at the filing of the petition by a number of partners less than all; for, if all sign, notice of their own averments would be idle and senseless. *Thompson* v. *Thompson*, 4 Met. 133. The obvious purpose of the required notice is founded on the first principles of natural justice,—that persons shall not be precluded by legal proceedings

instituted against them or their property, until they shall have had an opportunity through a reasonable notice, to be heard. If some only of the partners, without the knowledge and consent of the others, should file a petition containing the essential averments of the insolvency of the firm, etc., common justice would demand that, even in the absence of any statutory requirement therefor, the other members, before the issuing of the warrant which would take their property from their possession, should receive such an official notice as would secure to them a reasonable opportunity to be heard upon the several averments.

But, we do not think it essential that every one of the partners should individually sign the petition, for one may apply in behalf of himself and the other partners named. *Thompson* v. *Thompson*, *supra; Hanson* v. *Paige*, 3 Gray, 239. Moreover, while from the mere partnership relation the law implies no power in one partner to assign the partnership property for the benefit of creditors (*Kirby* v. *Ingersoll*, 1 Doug. 477 ; *Havens* v. *Hussey*, 5 Paige, 30 ; *Ormsby* v. *Davis*, 5 R. I., 442) such a power may be expressly conferred by one partner upon another, or may be even inferred from the conduct of the parties. *Kirby* v. *Ingersoll, supra;* 3 Kent's Com., *44, cases in note *b ;* 1 Lindl. Part. (Ewell's ed.) 266 and cases *in notis.* So in principle are *Pike* v. *Bacon*, 21 Maine, 287 ; *Cady* v. *Shepherd*, 11 Pick. 400 ; *Dictum, Merrill* v. *Wilson*, 29 Maine, 59.

In the case at bar, the application was made by one partner in the name of the firm by the express direction of the only other partner ; and why should he have official notice of what he expressly directed and has never objected to ?

Moreover, if notice were necessary its omission was but an irregularity at most,—a deviation from the statutory directions and did not go so deep as to reach jurisdiction. *Cobbossee Nat. Bank* v. *Rich*, 81 Maine, 164.

An additional reason why Wheelwright should not prevail is found in *Fogler* v. *Clark*, 80 Maine, 241.

*Trustees discharged in each case.*

PETERS, C. J., DANFORTH, WALTON, FOSTER, EMERY and LIBBEY, JJ., concurred.